CONNECTICUT STATE EMPLOYEES ASSOCIATION, INC., ET AL. *v.* CONNECTICUT PERSONNEL POLICY BOARD ET AL.

HOUSE, C. J., COTTER, SHAPIRO, LOISELLE and BOGDANSKI, Js.

Argued October 10—decided November 21, 1973

*Barry Scheinberg,* with whom, on the brief, was *Robert M. Bourke,* for the appellants (plaintiffs).

*Sidney D. Giber,* assistant attorney general, with whom, on the brief, were *Robert K. Killian,* attorney general, and *F. Michael Ahern,* assistant attorney general, for the appellees (defendants).

COTTER, J. The plaintiffs—the Connecticut State Employees Association, Inc.; its chartered affiliate chapter 174, a voluntary association whose membership consists exclusively of members of the Connecticut state police department; Charles L. Wilkerson; and George R. McMahon—brought this action seeking both injunctive relief against Edward H. Simpson, personnel commissioner, and Cleveland B. Fuessenich, commissioner of state police, and a declaratory judgment to determine whether certain actions taken by the defendants—the members of the Connecticut personnel policy board named in their representative capacities and the personnel policy board, a statutorily-created board; General Statutes § 5-200; responsible for establishing policies for the personnel administration of state employees—were in violation of the notice, petition, hearing, and approval provisions of the Uniform Administrative Procedure Act, hereinafter UAPA, chapter 54 of the General Statutes. The court

issued an order to show cause; the defendants filed a special appearance and a motion to erase on the grounds: (1) that the action of the personnel policy board was the implementation of § 5-206 of the General Statutes and was not the promulgation of regulations, and (2) that there is no statutory appeal from the action of the board to the court. The court granted the motion to erase and the plaintiffs took an appeal from the judgment rendered in favor of the defendants.

The present dispute arose when the personnel policy board on September 21, 1972, adopted item 7487C which cancelled the specifications for the class entitled state police trooper and established two classes: (1) a state police trooper trainee, and (2) a state police trooper with new specifications reducing the qualifications formerly required of applicants in the categories of age, physical requirements and formal education. The plaintiffs allege that the adoption of item 7487C is invalid because the board acted as a state agency promulgating regulations and as such was subject to the mandate of General Statutes §§ 4-167 to 4-170 and 4-172 of the UAPA. Specifically, the plaintiffs claim that the board, pursuant to the UAPA, was required to "adopt as a regulation a description of its organization, method of operations, rules of procedure," provide twenty days notice of its actions in the statutorily prescribed manner, grant interested parties a reasonable opportunity to be heard if requested by twenty-five persons, submit the proposed regulations to the attorney general and legislative regulation review committee and, following the above procedure, file two certified copies of the regulations with the secretary of the state. The defendants contend that the provisions of the UAPA are inappli-

cable to the adoption of item 7487C because the action of the board was an implementation of General Statutes § 5-206 which concerns position classifications established by the personnel policy board, not the promulgation of regulations by a state agency, and, therefore, a court appeal was precluded. They argue further that even if the UAPA were applicable to the adoption if item 7487C, the subsequent passage of Public Acts 1973, No. 73-620 § 16, now General Statutes § 4-185a,[1] by the General Assembly validated the action of the personnel policy board.

The plaintiffs' position is that the board violated their rights under the UAPA because they contend its action was the promulgation of regulations. We must, therefore, decide the effect of the 1973 validating act upon an agency or board admittedly subject to the provisions of the UAPA and upon parties seeking a declaratory judgment under General Stat-

---

[1] Public Acts 1973, No. 73-620 § 16 [General Statutes § 4-185a] reads, "Notwithstanding the provisions of chapter 54 of the 1971 noncumulative supplement to the general statutes, as amended by this act, no decision or order by an agency in a contested case and no agency regulation, or amendment or repeal of an agency regulation, shall be held invalid or deemed ineffective solely because of the agency's failure to comply with any requirement of section 4-167, 4-168, 4-177 or 4-178 of the 1971 noncumulative supplement to the general statutes. This provision shall apply to all agency actions taken between January 1, 1972, and the effective date of this act, it being the intent of this section, first, to provide additional time to agencies, as defined in section 4-166 of said supplement, to adopt rules of practice and other necessary regulations, and to conduct hearings in contested cases, in accordance with said chapter 54, as amended; and, second, to validate the enumerated activities of state agencies during said period. Nothing contained in this section shall validate actions taken by agencies which are invalid under provisions of said chapter 54 other than sections 4-167, 4-168, 4-177 and 4-178, or invalid under provisions of other state or federal law, nor shall this section be deemed to validate actions by state agencies taken after July 1, 1973, which are invalid under any provision of said chapter, as amended."

utes § 4-175, prior to a resolution of the issue whether the personnel policy board is a state agency promulgating regulations within the meaning of the UAPA.

The plaintiffs' claimed right to seek a declaratory judgment under the UAPA necessarily involves the jurisdiction of the court. The question of jurisdiction may be raised at any time and once raised we must consider it on appeal. *State ex rel. Kelman* v. *Schaffer,* 161 Conn. 522, 527, 290 A.2d 327; *Riley* v. *Liquor Control Commission,* 153 Conn. 242, 248, 215 A.2d 402. A motion to erase should be granted only where want of jurisdiction clearly appears on the face of the record. *Karp* v. *Urban Redevelopment Commission,* 162 Conn. 525, 526, 294 A.2d 633. In determining whether a court lacks jurisdiction under a motion to erase, as in any action, this court takes judicial notice of a legislative enactment by the General Assembly. *Rusch* v. *Cox,* 130 Conn. 26, 33, 31 A.2d 457.

Jurisdiction pursuant to § 4-175, which specifically provides for a declaratory judgment under the UAPA depends on whether the plaintiffs' rights or privileges have been threatened or impaired. The determination of this question is based upon the allegations in the complaint that "the plaintiffs are aggrieved in that they have been denied their rights to notice, petition and hearing as provided by the legislature through its vehicle, . . . Public Act 854."[2] If the subsequent legislative enactment; Public Acts 1973, No. 73-620 § 16; validated the actions of the board which failed to comply with provisions whose nonobservance is the basis of the

[2] The UAPA was passed originally in 1971 as Public Act No. 854.

plaintiffs' aggrievement, then, in the absence of other such claims, a statutory prerequisite necessary to the court's jurisdiction would be lacking.

The validating act provides that it "shall apply" to all agency[3] actions taken between January 1, 1972, and its effective date, June 11, 1973, and that the section shall not be deemed to validate actions taken by state agencies after July 1, 1973, which are invalid under any section of the UAPA as amended. The significant language of Public Acts 1973, No. 73-620 § 16, is that which declares that no agency regulation shall be deemed ineffective or invalid solely because of noncompliance with *any* requirement of §§ 4-167, 4-168, 4-177 or 4-178 of the original UAPA. (Emphasis added.) Briefly, these sections involve the adoption of organizational rules and regulations, their promulgation, the hearing procedure in contested cases and the admission of evidence in contested cases. The plaintiffs claim to be aggrieved by the failure of the personnel policy board to comply with §§ 4-167 to 4-170 and 4-172. The latter three sections are not specifically dealt with by the validating act. The necessity of compliance, however, with §§ 4-169 and 4-170 is a requirement of § 4-168,[4] with which noncompliance has been waived by the validating act. Section 4-172 merely requires the filing of certified copies of regulations with the secretary of the state after

---

[3] "[General Statutes] Sec. 4-166. DEFINITIONS. . . . (1) 'Agency' means each state board, commission, department, or officer, other than the legislature or the courts, authorized by law to make rules or to determine contested cases . . . ."

[4] General Statutes § 4-168 reads in part: "(2) . . . No regulation may be adopted, amended or repealed by an agency, except as provided in subsection (b) of this section, until approval by the attorney general and the standing legislative regulation review committee, as provided in sections 4-169 and 4-170."

"approval as required by sections 4-169 and 170," which would require compliance only after the observance of the previously described sections.

A reasonable construction of the UAPA leads to the conclusion that the sections of it cited by the plaintiffs but not specifically referred to by the validating act were so interrelated to the sections designated by the above statute that noncompliance with these sections was also validated by Public Acts 1973, No. 73-620 § 16. The parts of a statute must be construed, so far as possible, as operative and harmonious with every other part. *Kerin* v. *Goldfarb,* 160 Conn. 463, 467, 280 A.2d 143. This construction of the UAPA is supported by the clearly expressed intent of the validating act: "to provide additional time to agencies . . . to adopt rules of practice and other necessary regulations . . . and . . . to validate the enumerated activities of state agencies during said period." Such an interpretation of the meaning of the UAPA and its reconciliation with the validating act lead to the conclusion that this is not a situation wherein that statute is being utilized to validate actions under other sections of the UAPA, as proscribed by the statute.[5]

The effect of validating acts is to make legal and regular that which was illegal and irregular. The legislature may cure by subsequent enactment the nonobservance of a requirement which it originally might have dispensed with, provided that vested rights have not intervened. *Sanger* v. *Bridgeport,* 124 Conn. 183, 187, 198 A. 746. Such an

[5] Public Acts 1973, No. 73-620 § 16 [General Statutes § 4-185a] reads in part: "Nothing contained in this section shall validate actions taken by agencies which are invalid under provisions of said chapter 54 other than sections 4-167, 4-168, 4-177 and 4-178 . . . ."

enactment may be applied retrospectively to pending cases. *Wethersfield* v. *National Fire Ins. Co.*, 145 Conn. 368, 369, 143 A.2d 454; *Moran* v. *Bens*, 144 Conn. 27, 31, 127 A.2d 42; *Schmidt* v. *Manchester*, 92 Conn. 551, 555, 103 A. 654. The plaintiffs do not claim in the present case that any due process rights to which they are entitled were violated or that the personnel policy board was without authority to adopt item 7487C, but rather they contend that their aggrievement stems from the failure of the board to observe the statutory notice, petition, hearing and approval requirements of the UAPA. This is not an instance in which plaintiffs have gained vested rights or equities through reliance upon statutory provisions prior to the validating act. *Dennen* v. *Searle*, 149 Conn. 126, 134–35, 176 A.2d 561. Rather, the plaintiffs allege that the board exercised its authority in an unauthorized fashion. The legislature may retrospectively cure such a defect by appropriate legislation and upon this ground bar the plaintiffs' action. *Moran* v. *Bens*, supra. The instant validating act specifically states that its terms do not validate any agency actions which may be invalid under provisions of other state and federal laws.

The statute; § 4-175; under which the plaintiffs seek a declaratory judgment and injunctive relief requires an allegation that the application of the regulation impairs or threatens to impair the legal rights or privileges of the plaintiffs. The validating act, however, has determined that parties claiming to be affected solely by a failure to comply with the notice, petition, hearing and approval requirements of the UAPA during the period covered by the statute are not among those whose legal rights or privileges have been impaired or threatened. There-

fore, the plaintiffs are not, as alleged, aggrieved by the actions of the personnel policy board, and cannot pursuant to § 4-175 invoke the jurisdiction of the Court of Common Pleas by a suit for declaratory judgment. Jurisdiction involves the power in·a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created. *Brown* v. *Cato,* 147 Conn. 418, 422, 162 A.2d 175; *LaReau* v. *Reincke,* 158 Conn. 486, 492, 264 A.2d 576; Restatement, Judgments § 7, comment a. A motion to erase is the proper vehicle by which to attack the jurisdictional defect which is not dependent upon facts undisclosed by the record. *Karp* v. *Urban Redevelopment Commission,* 162 Conn. 525, 528, 294 A.2d 633; *Barney* v. *Thompson,* 159 Conn. 416, 420, 270 A.2d 554.

Since this determination is dispositive of the case, we need not discuss the other assignments of error because it is the claim of the plaintiffs that the matter is governed by the UAPA and not § 5-206 of the General Statutes, and, therefore, even if we decided that the personnel policy board were subject to the UAPA, an issue we do not decide, the result would be the same.

There is no error.

In this opinion the other judges concurred.