THOMAS KELLY ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF HAMDEN ET AL.
(5652)

SPALLONE, DALY and NORCOTT, Js.

Argued January 21—decision released February 16, 1988

*Hugh I. Manke,* with whom, on the brief, was *Priscilla C. Mulvaney,* for the appellant (named defendant).

*Dennis N. Garvey,* with whom was *Barbara L. Cox,* for the appellant (defendant C.M.C. Development, Inc.).

*John A. Parese,* with whom, on the brief, was *Arnold A. Aranci,* for the appellees (plaintiffs).

PER CURIAM. The defendants appeal from the judgment of the trial court sustaining the plaintiffs' appeal from a decision of the defendant Hamden planning and zoning commission (commission), granting the applications of the defendant, C.M.C. Development, Inc. (C.M.C.). We find error.

On September 20, 1984, the Hamden zoning board of appeals (board) granted a variance which allowed construction of multi-family dwellings by C.M.C. Notice of the hearing and the board's decision granting the variance was published as required. No appeal was taken from the granting of this variance. On December 10, 1985, the commission approved C.M.C.'s applications for a special permit, site plan approval and for an aquifer protection zone permit, on the basis of the variance granted by the board in September of 1984.

The plaintiffs appealed this action of the commission and therein attacked the validity of the variance granted by the board on the ground that they had not been given supplementary notice by mail as required under the Hamden zoning regulations. The trial court found that notice was not given as required, and further found that the validating provisions of Special Acts 1985, No. 47[1] did not apply. The court entered judgment accordingly, sustaining the plaintiffs' appeal.

The sole issue before us is whether the trial court erred in not giving efficacy to Special Acts 1985, No. 47. We find that it did.

---

[1] Special Acts 1985, No. 47, § 6 (c) provides in pertinent part: "Any and all actions taken by any . . . zoning board of appeals . . . otherwise valid except that said . . . zoning board of appeals . . . failed to comply with the requirement or requirements of any general or special law, ordinance or regulation governing the . . . giving [or] *mailing . . . of any notice,* either of the hearing or of the action taken, is validated, provided no such action shall be validated if an appeal from such action is pending in any court or the time for taking such appeal has not expired as of the effective date of this act." (Emphasis added.)

This appeal is controlled by the holding of *Hartford* v. *Freedom of Information Commission,* 201 Conn. 421, 426, 518 A.2d 49 (1986). There is nothing in the present case to indicate that the legislative body did not have the right to prospectively alter a procedural requirement, or that the enactment's retroactive application would "unjustly abrogate vested rights." Id., citing *Enfield Federal Savings & Loan Assn.* v. *Bissell,* 184 Conn. 569, 572, 440 A.2d 220 (1981); *Connecticut State Employees Assn., Inc.* v. *Connecticut Personnel Policy Board,* 165 Conn. 448, 454, 334 A.2d 909 (1973); *Sanger* v. *Bridgeport,* 124 Conn. 183, 186–87, 198 A. 746 (1938); 2 J. Sutherland, Statutory Construction (4th Ed. Sands 1986) § 41.05.

There is error, the judgment sustaining the appeal is set aside and the case is remanded to the trial court with direction to render judgment dismissing the appeal.