[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant moves to dismiss plaintiff's petition for new trial on the grounds that the court lacks subject matter jurisdiction to hear the petition.
The facts leading up to the current motion are not generally in dispute: The plaintiff is the conservator of Gary Pintavalle, who was injured as a result of an automobile accident in October, 1984. The defendant is the owner and operator of a restaurant where the plaintiff and the driver of the car in which the plaintiff was injured were allegedly served alcohol. The history of the three previous actions may be found in Pintavalle v. Valkanos, 216 Conn. 412 (1990). The plaintiff now petitions this court to grant a new trial, pursuant to Conn. Gen. Stat. 52-270 and in the exercise of general powers of equity, arguing that the merits of his claim have never been argued. The defendant moves to dismiss, claiming the court lacks subject matter jurisdiction.
The motion to dismiss is the proper procedural vehicle to contest the court's jurisdiction. Conn. Practice Bk. 143 (rev'd to 1978, as updated to Oct. 1, 1989). "Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." C.S.E.A., Inc. v. Connecticut Personnel Policy Board, 165 Conn. 448, 456
(1973). A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. Monroe v. Monroe, 177 Conn. 173, 185 (1979). A principal ground of the motion to dismiss is the existence of a pending appeal during the period when the petition was filed, Sept. 18, 1990. The motion to dismiss and the argument at short calendar predated the decision of the Supreme Court in the appeal. Inasmuch as the appeal has now been decided, the defendant's arguments regarding the pending appeal are disregarded. The other objections to the petition made by the defendant are addressed to the merits of the claim rather than the jurisdiction of the court. Such objections are not CT Page 142 properly before the court on the motion to dismiss; the grounds for the motion are enumerated exclusively in 143 of the Practice Book. (There is authority for the proposition that the claim of a prior pending action does not implicate subject matter jurisdiction in any event. See Henry F. Raab Connecticut Inc. v. J. W. Fisher Co., 183 Conn. 108 (1981).
Based on the foregoing, the court denies the motion to dismiss, as the court has jurisdiction to hear the petition under Conn. Gen. Stat. 52-270
M. HENNESSEY, J.