[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is a mortgage foreclosure action. The defendant, Newbrook Associates, Inc. (hereafter called "Newbrook") claims an interest in the property under foreclosure by the plaintiff as a result of a recorded real estate contract, which Newbrook claims gives it a purchaser's lien. The plaintiff claims priority over any rights that Newbrook may have in the property from the recorded contract on several grounds, including claims that the contract was not properly acknowledged as required by section 49-92a of the General Statutes and did not comply with the statute of frauds (section 52-550 of the General Statutes) and that an action to enforce the contract on a purchaser's lien is barred by time limitations in sections 47-33a and 49-92c of the General Statutes.
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. A material fact has been defined as a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578. In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246, 247. Once the moving party has presented evidence in support of a motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. State v. Goggin, 208 Conn. 608, 616; Bartha v. Waterbury House Wrecking Co., supra, 11, 12.
The complaint contains two counts and involves two mortgages on land owned by the defendant, International Site Consultants, Inc. (hereafter "International"). The first parcel is located in Newtown and Brookfield and was mortgaged by International to the plaintiff to secure a $250,000.00 note. The mortgage was dated February 27, 1987 and recorded March 2, 1987. The second note is for $130,000.00 and is secured by a mortgage dated July 21, 1987 on property in Newtown, recorded July 22, 1987. In addition, this mortgage also covers the first parcel as a second mortgage. Newbrook entered into a real estate contract with International on December 16, 1986 to purchase both parcels. The contract provided for a down payment of $120,000.00 on the first parcel. On February 26, 1987, International and Newbrook CT Page 4451 entered into a contract of sale for the second parcel, and the contract recited a deposit of $45,000.00. The contract, as amended, was recorded on March 12, 1987. It contained in paragraph 10 a purchaser's lien provision which reads as follows:
 BUYER'S LIEN — All sums paid on account of this Agreement are hereby made liens thereon, but such liens shall not continue after default by the Buyer under the terms of this Agreement.
The plaintiff had actual notice of the original contract when the mortgage was signed by International on February 27, 1987, even though the contract dated December 16, 1986 was not recorded until March 12, 1987. For purposes of the summary judgment, the plaintiff concedes that it also had notice of the amendment to the contract concerning the second parcel. Newbrook actually paid $80,000.00 as a deposit on the first parcel and $7,500.00 as a deposit on the second parcel. As part of its loan agreement with International, the bank required International to assign its rights in the contract between International and Newbrook to the plaintiff bank. This occurred on February 27, 1987, the date of the mortgage on the first parcel, by written assignment of the contract.
Under Section 5 of the contract of December 16, 1986, Newbrook was required to close title within 45 days after satisfaction of contingencies in Section 11 of the contract. Section 11 made the sale contingent upon the buyer obtaining necessary approvals for the development of a thirteen lot subdivision from several municipal agencies in Newtown, including the Planning Zoning Commission and Conservation Commission. If the required approvals were not obtained by December 1, 1987, Newbrook could elect to accept title, rescind the contract or give International additional time, not to exceed three years, to obtain the approvals. The approvals were never obtained, title never closed, and Newbrook commenced an action to recover its deposit in December, 1990. International had previously deeded the property to a third party by deed recorded March 17, 1989.
Since the plaintiff has conceded actual notice of the contract for purposes of this motion, there is no genuine issue as to any material fact, as the other essential facts are admitted by the parties or clearly established by the documents submitted in support of and in opposition to the motion. Where there is no genuine issue as to any material fact, the next question is whether the moving party is CT Page 4452 entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., supra, 11. That is resolved by applying to the established facts the same test as is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364; Connell v. Colwell, supra, 247.
The initial question, before determining priorities, is the validity of the recorded contract and the rights it conferred upon Newbrook as security for the down payment on the contract. Newbrook claims both common law and statutory purchaser's lien rights. Section 49-92a provides as follows:
 A purchaser's lien is created for the amount of the deposit paid pursuant to and stated in a contract for the conveyance of land by the recording of that contract in the records of the town in which the land is situated, provided the contract is executed by the owner and by the vendee of the land, witnessed and acknowledged in the same manner as required for a deed for the conveyance of land, and describes the particular land to which it refers. That purchaser's lien shall be prior to any other liens and encumbrances originating after the contract is recorded. . . .
The plaintiff claims that since the seller and purchaser under the contract are corporations, the acknowledgment is deficient and does not comply with sections1-34 (2) or 1-62 (2) of the General Statutes. The acknowledgment was of three individuals rather than a corporate officer acting on behalf of the corporation. The contract indicates that the persons who signed did so as officers of their respective corporations, even though the acknowledgment used did not state that they were acknowledging the deed in their capacity as corporate officers. This defect, however, is cured by the validating act passed in 1987, Special Act 87-12, section 3, which provides that an instrument made for the purpose of affecting an interest in real property is not invalid because the acknowledgment is only by an officer of the corporation individually, or if the instrument fails to disclose the official capacity of persons signing it. Similar provisions to Special Act 87-12 are contained in Special Acts 89-6 and 91-1. By validating acts, the legislature can cure by a subsequent amendment the failure to follow a statutory requirement, and a validating act can be applied retroactively to pending cases. Kelly v. Planning Zoning CT Page 4453 Commission, 13 Conn. App. 446, 448; C.S.E.A., Inc. v. Connecticut Personnel Policy Board, 165 Conn. 448, 454, 455. The contract was not invalid because of the deficiencies in the acknowledgment.
The plaintiff claims that the contract is subordinate to the plaintiff's $250,000.00 mortgage since the mortgage was recorded prior to the contract. The mortgage was recorded on March 2, 1987. Even though the contract was dated December 16, 1986, it was recorded on March 12, 1987, ten days after the mortgage. As previously stated, the plaintiff has stipulated that it had actual notice of the contract prior to execution and recording of its mortgage. The title or interest which one acquires in real property is determined based on the facts disclosed on the land records, and for that purpose the grantee has constructive notice of the contents of the public records. Loverin v. Kuhne,94 Conn. 219, 225; Beach v. Osborne, 74 Conn. 405, 412. A bona fide purchaser for value without not ice of a former conveyance holds title against a former purchaser with an unrecorded deeds Cressy v. Heirs of Phelps, 2 Root 420 (1796); Second National Bank of New Haven v. Dyer,121 Conn. 263, 270, and the land records provide constructive notice of land titles and may be relied upon. Id. One of the exceptions to this rule is that when a person has not ice or knowledge of a prior unrecorded conveyance, it is not an unknown conveyance to him, and is not prejudiced by it even though it was not recorded on the land records. Hinman v. Hinman, 4 Conn. 575, 580; Blatchley v. Osborn, 33 Conn. 226,233; Andretta v. Fox New England Theatres, Inc.,113 Conn. 476, 479, 480. A buyer or mortgagee would have actual or constructive notice if it knows the facts which are sufficient to put a prudent person on inquiry, which, if prosecuted with reasonable diligence, would certainly lead to discovery of a conflicting claim. Id., 480; Diotautio v. Puskas, 134 Conn. 349, 352, 353; Lengyel v. Peregrin,104 Conn. 285, 288. A subsequent deed, first recorded, will prevail over a prior one when subsequently recorded unless the prior grantee can show knowledge in the other party, so a mortgagee takes title subject to a prior deed which it knows about when the mortgage was recorded. Bush v. Golden,17 Conn. 594, 602-604. This is an exception from the rule, based on the conveyance statute, section 47-10, that a mortgage deed, if recorded within a reasonable time of its execution, takes priority from the date of its delivery, even as to liens prior to the recording of the deed but subsequent to its execution. Farmers Mechanics Savings Bank v. Garofalo, 219 Conn. 810, 816, 817.
Connecticut recognizes the doctrine of equitable liens CT Page 4454 which applies in some cases to executory contracts even though the contract does not create a property right for an interest in the land. Connecticut Co. v. New York, N. H. 
H.R. Co. 94 Conn. 13, 33. Newbrook claims that the knowledge of the plaintiff-bank of the unrecorded executory contract between Newbrook and International gave Newbrook priority over the mortgage even though the contract was recorded after the mortgage. The contingencies in the contract were never completed because necessary approvals were not obtained from the town. Newbrook contends, however, that it retained a superior property interest to the mortgage as a result of the buyer's lien provision in the contract. It is unnecessary to resolve this claim and whether a purchaser's lien has a priority over the mortgage under the facts of this case because the lien expired.
The purchaser's lien and rights to it are governed by statute in this state. Sections 49-92a through 49-92f of the General Statutes, inclusive. While the equitable lien was created by the contract provision, Newbrook has cited no legal authority for the position that the equitable lien can exist independent of and contrary to the statutory provisions. Section 49-92a, quoted above, establishes and defines the right to a purchaser's lien. Section 49-92c
provides a time limit on the duration of purchaser's liens. It states:
 "No purchaser's lien shall continue in force for a longer period than two years after such lien has been perfected, unless the party claiming such lien, within said period, commences an action to foreclose the same and proceeds therewith to final judgment. Each such lien, after the expiration of two years without action commenced, shall be discharged of record by the person claiming the same, upon the request of the owner of the property upon which the lien has been claimed."
There is a similar two year time limit where a bond has been substituted for a purchaser's lien. Section 42-92b(e) of the General Statutes. Newbrook commenced an action against International on December 5, 1990, which is more than two years after the lien was perfected on March 12, 1987 by filing of it in the land records. Commencement of a foreclosure action within two years of perfection of the lien is a condition precedent to its continued existence. "`The plain intent of this statute is to clear the title to the premises unless an action of foreclosure is brought within CT Page 4455 the time limited for the continuance of the lien.'" Diamond National Corporation v. Dwelle, 164 Conn. 540, 543
(construing a similar statute, section 49-39 of the General Statutes); H. G. Bass Associates, Inc. v. Ethan Allen, Inc., 26 Conn. App. 426, 429. Sections 49-92d, 49-92e and49-92f are also designed to clear the land records of a purchaser's lien discharged by operation of law upon the request of any person having an interest in the real estate covered by the lien. The contract provision was no longer effective after the expiration of the two year period against the interest of the plaintiff in the land since the plaintiff was not a party to that contract.
The plaintiff also relies upon section 47-33a(a) of the General Statutes which provides as follows:
 "No interest in real property existing under an executory agreement for the sale of real property or for the sale of an interest in real property or under an option to purchase real property shall survive longer than one year after the date provided in the agreement for the performance of it or, if the date is not so provided, longer than eighteen months after the date on which the agreement was executed, unless the interest is extended as provided herein or unless action is commenced within the period to enforce the agreement and notice of lis pendens is filed as directed by section 52-325."
The contract was dated dated December 16, 1986, and remained an executory agreement which expired when the municipal approvals could not be obtained and no closing of title was requested. The contract had a deadline for performance of December 1, 1987. Newbrook's action against International was brought more than three years later. There was no written extension of the agreement. Newbrook contends, based on section 47-33a(c) that the statute does not apply because Newbrook is not requesting specific performance of the contract. Subsection (c) provides that nothing in section 47-33a "shall be construed to limit or deny any legal or equitable rights a party may have under the agreement except the right to have the agreement specifically enforced." The statute must be read as a whole. The plaintiff is not a party to the agreement. Subsection (a) expressly provides that no interest in the property under the agreement survives longer than the one year or eighteen month period, whichever applies. This is reinforced by subsection CT Page 4456 (b) which provides in part that "upon the expiration of an interest, the title to property affected by the interest shall not thereafter be considered unmarketable because of the expired interest." Subsection (c) preserves other rights that Newbrook had under the agreement with International, which no longer owned the property. The plaintiff is not a party to that agreement. Failure to commence the action within the statutory time period extinguishes any interest in the property which Newbrook had under the contract.
Since any interest that Newbrook had to a purchaser's lien or to the property has expired, and is barred by sections 47-33a and 49-92c of the General Statutes, it is not necessary to decide the plaintiff's remaining claim that the contract fails to comply with the statute of frauds, section52-550 of the General Statutes.
The motion for summary judgment is granted.
ROBERT A. FULLER, JUDGE