[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO DISMISS
On August 13, 1991 the plaintiffs, Walter Blogoslawski and Ona Nejdl, filed a four count complaint against the CT Page 11177 defendants, Gary Woodfield and Ericson, Scalise 
Mangan, P.C. (hereinafter "Ericson, Scalise.") In the first count, the plaintiffs allege that defendant Woodfield, an attorney, was employed by and acted as an agent for defendant Ericson, Scalise, a law firm. The plaintiffs allege that they are the only children and residual beneficiaries of Walter Blogoslawski, Sr. and Anne Blogoslawski, and that upon the deaths of the elder Blogoslawskis, the Connecticut National Bank (hereinafter "CNB") was named as executor of their estates, pursuant to the elder Blogoslawskis' wills. The plaintiffs allege that CNB employed the defendants to provide legal counsel concerning the settlement of the elder Blogoslawskis' estates. The plaintiffs allege that the defendants were negligent in the settlement of the estates, and, as a result, the estates incurred greater tax liability than that which was minimally due, and the plaintiffs' inheritance was reduced.
In the second count, the plaintiffs reiterate their allegations of the first count and allege that the defendants contracted with the plaintiffs to provide legal counsel concerning the settlement of the estates. Plaintiffs allege that the defendants breached the contract by failing to perform their services in a workmanlike manner, and, as a result, the estates incurred greater tax liability than that which was minimally due, and the plaintiffs' inheritance was reduced.
In the third count, the plaintiffs reiterate their allegations of the first count, and allege that they were third party beneficiaries to a contract between the CNB and the defendants for the defendants' legal counsel concerning the settlement of the estates. Plaintiffs reiterate their allegations of the second count that the defendants breached the contract and the plaintiffs were damaged.
In the fourth count, the plaintiffs reiterate their allegations of the first count, and allege that defendant Ericson, Scalise was negligent in failing to supervise defendant Woodfield's work in the settlement of the estates. Plaintiffs reiterate their allegations of the first count that they were damaged by defendant Ericson, Scalise's negligence.
On September 30, 1991 appearances were filed for the defendants. On April 21, 1992 defendant Woodfield filed a motion to dismiss and a memorandum of law in support thereof. The ground for the motion is that "the plaintiffs cannot as a matter of law and fact state a cause of action that can be heard by the court . . . CT Page 11178 because the plaintiffs are not direct third-party beneficiaries of the relationship between Woodfield and Connecticut National Bank; and therefore, no duty exists to them."
On April 24, 1992 defendant Ericson, Scalise filed a motion to dismiss on the same ground relied upon by defendant Woodfield. In support of its motion, defendant Ericson, Scalise filed a copy of defendant Woodfield's supporting memorandum.
On June 10, 1992 the plaintiffs filed an amended complaint. [1]
On the same date, the plaintiffs filed an affidavit and a memorandum in opposition to the motions to dismiss.
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter . . . ." Practice Book 143. "[W]henever it is found . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book 145.
The defendants argue that an attorney may be liable to persons other than clients only if the attorney's representation of a client was intended to confer a benefit upon a third party. The defendants argue that the plaintiffs are not third party beneficiaries of the attorney-client relationship between defendant Woodfield and CNB, because the primary purpose of the attorney-client relationship was for defendant Woodfield to assist CNB in the administration of its duties.
The plaintiffs argue that the defendants' arguments that the plaintiffs are not third party beneficiaries to the contract between the defendants and CNB are not proper grounds for challenging the court's subject matter jurisdiction. The plaintiffs also argue that their complaint is legally sufficient.
The defendants purport to be arguing subject matter jurisdiction. Defendants filed their motions to dismiss more than thirty days after they filed their appearances, and pursuant to Practice Book 142 and 145, only subject matter jurisdiction could be timely challenged beyond thirty days of the date when a defendant files an appearance. Also, at oral argument, defendant Woodfield's counsel conceded, in response to the court's questions, that his arguments attack the court's subject matter jurisdiction.
"`Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings CT Page 11179 in question belong.'" LeConche v. Elligers, 215 Conn. 701, 709,579 A.2d 1 (1990), citing Shea v. First Federal Savings Loan Assn. of New Haven, 184 Conn. 285, 288, 439 A.2d 997 (1981). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." State v. Malkowski, 189 Conn. 101, 105, 454 A.2d 275 (1983). "[E]very presumption is to be indulged in favor of jurisdiction." LeConche v. Elligers, supra, 709-10.
"The source of a court's jurisdiction is `the constitutional and statutory provisions by which it is created.'" Demar v. Open Space Conservation Commission, 211 Conn. 416, 425,559 A.2d 1103 (1989), citing C.S.E.A., Inc. v. Connecticut Personnel Policy Board, 165 Conn. 448, 456, 334 A.2d 909 (1973). "The superior court shall be the sole court of original jurisdiction for all causes of action . . . ." General Statutes 52-164s.
"[T]he Superior Court has subject matter jurisdiction over a common law negligence action." Grant v. Bassman, 221 Conn. 465,470, 604 A.2d 814 (1992). The superior court has subject matter jurisdiction over breach of contract claims. McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 527, 590 A.2d 438 (1991).
In the present case, the plaintiffs bring claims of negligence and breach of contract. Pursuant to the authorities cited above, the court has subject matter jurisdiction over such claims. Accordingly, the defendants' motions to dismiss are denied.
Hennessey, J.