[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue is whether Donald M. Rompe, (hereinafter "Rompe") a subsequent encumbrancer in the present foreclosure action, has priority over the mortgage of the Boston Five Mortgage Corporation (hereinafter "Boston Five) by virtue of a certain Consultant Agreement recorded on the Branford Land Records.
This case comes before the court on a stipulation of facts, which provides as follows: On October 20, 1987, Rompe and New England Atlantic Corporation (hereinafter "NEAC") entered into a "Consultant Agreement," which was recorded on November 11, 1987 at Volume 440, Page 220 of the Branford Land Records. The Consultant Agreement, which is attached to the stipulation, provides that Rompe rendered services to NEAC and calls for NEAC to convey two condominium units to Rompe. It also gives Rompe the right to purchase two garage units in the condominium projects for $7,500. each. The parties further stipulate that the real property described in Exhibit A to the Consultant Agreement is the same real property described in the mortgage deed delivered to Boston Five and recorded at Volume 441, Page CT Page 10887 733 of the Branford Land Records, and is substantially the same real property being foreclosed upon by the Branford Sewer Authority in the present action. The stipulation states that no action for specific performance has been filed with respect to the Consultant Agreement, and no lis pendens with respect to any such action has been filed on the Branford Land Records.
The parties have stipulated that Keystone Morris, Ltd. (hereinafter "Keystone") has an interest in the premises which is the subject matter of this action by virtue of a mortgage from NEAC to Boston Five recorded on December 11, 1987, in Volume 441, Page 733 of the land records of the Town of Branford, which mortgage was assigned by Boston Five to Keystone by Assignment of Mortgage filed in Volume 527, Page 283 of the Branford Land Records.
At issue in the present case is whether the Consultant Agreement of Rompe has priority over the mortgage of Boston Five. Although the Consultant Agreement is dated and recorded prior to the Boston Five mortgage, Boston Five argues that it has priority over Rompe on the following grounds: (1) the claim of Rompe is based upon an executory contract for the purchase of real estate, which contract has expired pursuant to the terms of General Statutes 47-33a(a); (2) there is no real estate in existence satisfying the description contained in the Consultant Agreement; and (3) the contract for the conveyance of property is invalid under the Common Interest Ownership Act, General Statutes 47-200
et seq. ("CIOA"). Because the first argument is dispositive of the issue, this memorandum will be limited to a discussion of47-33a.
General Statutes 47-33a provides:
 47-33a. Action on agreement to sell real estate
 (a) No interest in real property existing under an executory agreement for the sale of real property or for the sale of an interest in real property or under an option to purchase real property shall survive longer than one year after the date provided in the agreement for the performance of it CT Page 10888 or, if the date is not so provided, longer than eighteen months after the date on which the agreement was executed, unless the interest is extended as provided herein or unless action is commenced within the period to enforce the agreement and notice of lis pendens is filed as directed by section 52-325.
 (b) The interest may be extended only by reexecution of the written agreement or by execution of a new written agreement, provided the agreement, whether reexecuted or newly executed, shall be recorded as directed by sections 47-10 and 47-17. The period provided by this section shall not otherwise be extended, whether because of death, disability or absence from the state or for any other reason. Upon the expiration of an interest the title to property affected by the interest shall not thereafter be considered unmarketable because of the expired interest.
 (c) Nothing in this section shall be construed to limit or deny any legal or equitable rights a party may have under the agreement except the right to have the agreement specifically enforced.
According to Boston Five, the Consultant Agreement at issue was an executory contract for the conveyance of real estate which only remained in effect for eighteen months, pursuant to47-33a(a), since no date was provided for the transfer of interest in the property. Boston Five argues that since the agreement was signed on October 20, 1987, and since more than eighteen months have passed without either a conveyance of the premises or an action being filed to enforce the conveyance of the premises, the agreement has expired. Rompe argues in response that Boston Five accepted its mortgage deed prior to the CT Page 10889 expiration of the eighteen month period described in 47-33a and with knowledge of Rompe's interest. He further argues that47-33 (c) specifically preserves all of his equitable and legal rights "except the right to have the agreement specifically enforced."
Boston Five is correct, and any interest which Rompe may have had has expired pursuant to 47-33a(a). "Connecticut recognizes the doctrine of equitable liens which applies in some cases to executory contracts even though the contract does not create a property right for an interest in land." Columbia Federal Savings Bank v. International Site Consultants, Inc., et al., 7 CSCR 722, 724 (May 13, 1992, Fuller, J.), citing Connecticut Co. v. New York, N.H. H.R. Co., 94 Conn. 13, 33,107 A. 646 (1919). Assuming that the Consultant Agreement filed on the Branford Land Records created an equitable lien, this lien has been extinguished, as over eighteen months have passed without any action taken in this regard.
As to Rompe's argument that his rights have been preserved pursuant to 47-33a(c), he is correct, insofar as any claims that he may have for damages or for an injunction do not fall within the provisions of 47-33a. See Booth v. Flanagan, 19 Conn. App. 413,416, 652 A.2d 592 (1989). However, rather than seek damages or an injunction based on the Consultant Agreement, Rompe has tried to assert his priority in the pending foreclosure action. Although no case law has been found which is precisely on point, for Rompe to have priority over Boston Five in this case would be contrary to 47-33a(a), which creates an eighteen month limitation period for executory contracts of this nature.
The mortgage of the Boston Five has priority over the Consultant Agreement of Rompe.
DONALD W. CELOTTO, JUDGE