[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Robert F. Ludgin, brings this action seeking a declaratory judgment pursuant to General Statutes § 4-175 of the Uniform Administrative Procedure Act ("UAPA"), claiming that the state elections enforcement commission ("commission") failed to issue a declaratory ruling on whether a mayoral candidate in the city of Hartford is limited per primary and per election to $250 per contributor or to $1000 per contributor by reason of General Statutes § 9-333m (a).[1]
In the history of this case, Ludgin was a duly certified candidate for the office of mayor of the city of Flartford in the Democratic primary of September 11, 2001. Eddie A. Perez was the Democratic party's endorsed candidate for the office of mayor of the city of Hartford and was the only other candidate besides Ludgin for that office in the party's primary. Perez won the Democratic primary and became the officially-endorsed candidate for the office of mayor. Ludgin had previously become a certified petitioning candidate for the office of mayor of the city of Hartford on the ballot for the municipal election held on November 6, 2001. Prior to the Democratic primary, Perez filed a notification with the Hartford town clerk of the formation of Perez for Mayor Committee ("committee"). The committee filed a campaign finance report dated September 4, 2001 covering the period May 30, 2001 to September 4, 2001 reporting that it had received and accepted contributions from individual donors in excess of $250 from 72 individuals and from two committees.
Ludgin filed a complaint with the commission complaining of the illegality of the receipt of the contributions by individual donors over $250 by the Perez committee, and sought a declaratory ruling from the commission. The basis for Ludgin's complaint was that pursuant to the charter for the city of Hartford, at that time, the mayor was not the "chief executive officer" of Hartford and therefore individual contributions to the Perez mayoral campaign could not exceed $250.[2]
The commission declined to issue a declaratory ruling sought by Ludgin, CT Page 1254 concluding that the office of mayor in the Hartford city charter was a chief executive officer as defined in § 9-333m (a) (3) notwithstanding that the city charter identified the "chief executive officer" as an appointed city manager who could not be a candidate for election.
Perez won the general election on November 5, 2001 and now serves as Mayor of the city of Hartford. The voters of the city of Hartford, at this same election date, approved a revision of the Hartford City Charter and in particular revised chapter V, § 1, to provide that "[t]here shall be a Mayor who shall be the chief executive officer of the City." The effective date of this charter change is January 1, 2004. See Hartford City Charter, c. XIII, § 4 (Rev. to 2002).
Prior to the Hartford general election on November 6, 2001, Ludgin brought an action against Perez, the Perez for Mayor Committee, and the commission entitled Ludgin v. State Elections Enforcement Commission,
Superior Court, judicial district of Hartford, Docket No. 811353 ("Ludgin I"). Ludgin I was an appeal from the commission's dismissal of Ludgin's complaint of September 7, 2001. This prior action sought an injunction to prevent Perez from accepting any contributions in excess of $250.00 from an individual contributor.
In Ludgin I, the court, Bryant, J., dismissed the appeal on the basis that the court lacked jurisdiction to decide the case since Ludgin had not sought a declaratory ruling from the defendant commission pursuant to General Statutes § 4-175 (a), and therefore the decision of the commission was not appealable under the provisions of the UAPA as a contested case.
By letter dated November 7, 2001, Ludgin requested that the commission reconsider its September 26, 2001 findings and conclusions and issue a declaratory ruling. The commission denied the request for reconsideration and denied the request for a declaratory ruling. This present appeal followed.
The sole issue raised by Ludgin in the present appeal is whether a mayoral candidate for election to the office of mayor of the city of Hartford on the November 6, 2001 was limited per primary or per general election to $250 per contributor or $1000 from each contributor pursuant to General Statutes § 9-333m (a).
The commission filed four special defenses to the present action, claiming that this action is barred by a prior pending action; barred by the doctrine of res judicata; barred by the doctrine of collateral estoppel; and, is moot. Pursuant to these special defenses, the CT Page 1255 commission has filed two contrary motions, a motion to dismiss and a motion for summary judgment. A motion to dismiss presumes that the court has no jurisdiction to hear the case; and therefore, must be considered before the court takes any further action. Doctor's Associates, Inc. v.Keating, 72 Conn. App. 310, 312, ___ A.2d ___ (2002). A motion for summary judgment presumes that the court has jurisdiction, that material facts are not in dispute; and therefore, the court can render judgment as a matter of law. See Orenstein v. Old Buckingham Corp., 205 Conn. 572,574, 534 A.2d 1172 (1987). The commission's special defenses addressed by the motion for summary judgment are, prior pending action, res judicata and collateral estoppel. The special defense, that raises the issue of jurisdiction, claims that this action is moot. Because mootness implicates subject matter jurisdiction, it becomes a threshold matter for us to consider before we reach any other issue. State v. McElveen,261 Conn. 198, 204, 802 A.2d 74 (2002).
"Mootness presents a circumstance wherein the issue before the court has been resolved or has lost its significance because of a change in the condition of affairs between the parties. See 5 Am.Jur.2d, Appellate Review § 642 (1995).' Connecticut Natural Gas Corp. v. Dept. ofConsumer Protection, 43 Conn. App. 196, 203, 682 A.2d 547, cert. denied,239 Conn. 938, 684 A.2d 707 (1996)." Twitchell v. Guite, 53 Conn. App. 42,51, 728 A.2d 1121 (1999).
"Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability recluires . . . that there be an actual controversy between or among the parties to the dispute: Courts exist for determination of actual and existing controversies, and under the law of this state the courts may not be used as a vehicle to obtain judicial opinions on points of law . . . [W]here the question presented is purely academic, we must refuse to entertain the appeal. . . . A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists. . . ." (Citations omitted.) Twitchell v.Guite, supra, 53 Conn. App. 52.
In his supplemental brief dated November 19, 2002, Ludgin recites that he is only seeking the court's construction of § 9-333m (a) as it applies to whether the mayoral candidate in the November 2001 election in the city of Hartford was restricted to receiving campaign contributions of no more than $250 because the mayoral candidate was not the chief executive officer of the city. The plaintiff is not seeking the imposition of a civil fine or other penalty upon Mayor Perez or the Perez for Mayor Committee, nor is the plaintiff seeking to require the mayor or his committee to return any contributions from contributors in excess of CT Page 1256 $250. In considering the issue of justiciability, we do not pass upon the merits of this appeal. We only consider whether this case is capable of being adjudicated by this court. Seymour v. Region One Board ofEducation, 261 Conn. 475, 481, 803 A.2d 318 (2002).
Justiciability requires us to consider four principles: (1) that there be an actual controversy between or among the parties to the dispute; (2) that the interest of the parties be adverse; (3) that the matter in controversy be capable of being adjudicated by the courts; and, (4) that the determination of the controversy will result in practical relief to the complainant. Seymour v. Region One Board of Education, supra,261 Conn. 481. With these principles in mind, we look at what the plaintiff is seeking to accomplish with this lawsuit.
The cause of the plaintiffs complaint, the question of whether contributors to Mayor Perez or his Campaign Committee were limited to contributions of no more than $250, arose during the primary campaign before the November 2001 city election. That election is now over. The provisions of the Charter of the City of Hartford which gave rise to this controversy have been revised to clarify that the mayor of the City will also be its chief executive officer thereby eliminating any question that under § 9-333m (a), the mayoral candidate can receive campaign contributions up to $1000 per contributor. The plaintiff does not seek to have Mayor Perez or his Campaign Committee disgorge any campaign funds received during the 2001 primary or election. The plaintiff is not seeking any penalties against Mayor Perez or his campaign committee. The only practical effect of responding to plaintiff's claim is to determine whether or not he was correct in his construction of the language in § 9-333m (a) as it applied to the receipt of campaign funds in the primary and election for mayor in 2001 in the city of Hartford. Under the facts in this case, the issue raised by the plaintiff will not arise again in the future in the city of Hartford.
The plaintiff has alleged in paragraph 18 of his complaint that he "brings this action pursuant to Section 4-175 C.G.S. because the defendant Commission decided not to issue the requested declaratory ruling, stating its reasons for its action." (Complaint for Declaratory Judgment, p. 4, ¶ 18.) The plaintiff, in his prayer for relief, seeks to have this court issue a declaratory judgment determining "(w)hether mayoral candidates in the City of Hartford are limited per primary and per election to $250.00 per contributor or to $1,000.00 per contributor by reason of Section 9-333m (a) C.G.S. as it was amended byPublic Act 86-240." (Complaint for Declaratory Judgment, p. 4.) No purpose would be served by this court granting plaintiffs request for a declaratory judgment. The primary and election for mayor for the city of Hartford CT Page 1257 have been concluded. The voters of the city have elected Eddie Perez mayor. As we have previously noted, the charter for the city has been revised so that the complaint raised by the plaintiff will not be an issue again. The only purpose that could be served by this court entertaining the plaintiffs request for relief is to render an advisory opinion, which we are reluctant to do.
We are also reluctant to act on the plaintiffs complaint because this action was brought under § 4-175 seeking a declaratory judgment. In seeking a declaratory judgment pursuant to § 4-175, the issue is whether the plaintiffs rights or privileges have been threatened or impaired. C.S.E.A., Inc. v. Connecticut Personnel Policy Board,165 Conn. 448, 452, 334 A.2d 909 (1973). There is nothing in the allegations of the plaintiffs complaint that the plaintiff is aggrieved because he has been denied any of his rights, or that he has been harmed in any particular way by the actions of Mayor Perez or the Perez Campaign Committee. The only claim the plaintiff makes is that the election process has been corrupted by contributors to Mayor Perez's 2001 campaign for mayor of the city of Hartford. The plaintiff makes no claim that this alleged violation of the state's election laws deprived him from winning the Democratic primary for mayor in 2001, or from being elected mayor of the city of Hartford in November, 2001. Since we find that no practical relief can be given to the plaintiff, and that the action of the commission did not impair or threaten to impair the legal rights or privileges of the plaintiff, we cannot grant relief by the issuance of a declaratory judgment under § 4-175. Id., 455.
"[T]he existence of an actual controversy is an essential requisite to appellate jurisdiction. . . . It is beyond question that we are without jurisdiction to issue advisory opinions or to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." Chief of Police v. Freedom ofInformation Commission, 68 Conn. App. 488, 494, 792 A.2d 141 (2002).
Accordingly, the Commission's motion to dismiss is granted. Judgment may enter in favor of the defendant Commission dismissing this appeal without costs to either party.
 ___________________ Arnold W. Aronson Judge Trial Referee Superior Court