THELMA V. BREWSTER ET AL., TRUSTEES (ESTATE OF WILLIAM M. BREWSTER), ET AL. *v.* MARGARET O. BREWSTER ET AL., EXECUTORS AND TRUSTEES (ESTATE OF JOHN H. BREWSTER), ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and LEIPNER, JS.

Argued October 8—decided December 15, 1964

*J. Kenneth Bradley,* with whom were *Robert J. Cooney* and, on the brief, *Huntley Stone,* for the appellants (plaintiffs).

*Curtiss K. Thompson,* with whom was *H. Chandler Clark,* for the appellees (defendants McFarland et al.).

*Hereward Wake* appeared for the named defendant et al., executors and trustees.

ALCORN, J. This is an action for a declaratory judgment. Three of the defendants appeared specially and moved that the action be erased from the docket for lack of jurisdiction. The ground of the

motion in substance is that these defendants are nonresidents who have not entered a general appearance, that they were not served with process in Connecticut and that the court did not have before it a res upon which in rem jurisdiction could be based. The court granted the motion, and the plaintiffs have appealed.

The material facts are as follows: John H. Brewster died, a resident of Connecticut, in September, 1936, leaving a will which was admitted to probate in Connecticut in 1936. The will provided, in major part, that the residuary estate be held in trust, the income therefrom to be paid to the widow for life with permission to invade the principal for her benefit; that on the death of the widow the principal and any undistributed income of the trust fund be divided between two nephews, William M. Brewster and E. Franklin Brewster; and that, if both nephews predeceased the testator and left no children, the trust fund be divided among the surviving children of three named nieces. The widow, the life beneficiary of the trust, is still living. Both nephews died childless following the testator's death. William, one of the nephews, created an inter vivos trust in 1959, assigning to his trustees all his right, title and interest in the estate of John H. Brewster and, by will, left all of his remaining property to his wife.

The plaintiffs in this action are the trustees of William's inter vivos trust and the executors under his will. All three plaintiffs are nonresidents. They seek a declaratory judgment as to whether William had, and his estate is now entitled to, a vested remainder in the trust under the will of John H. Brewster, subject only to defeasance by invasion of the principal for the benefit of John H. Brewster's

widow. Named as defendants are the executors and trustees under John H. Brewster's will, the three trustees of a testamentary trust under the will of E. Franklin Brewster, the other nephew, seven children of John H. Brewster's nieces, the executor of a deceased child of one niece, and the unborn issue of one niece. All of the living defendants except the widow are nonresidents of Connecticut. The plaintiffs applied to the court for an order of notice to be served by registered mail on each of the living nonresident defendants. An order for such service was issued, and the sheriff's return recites service in the manner ordered. No attachment or sequestration of any property of any of the defendants was sought. The widow of John H. Brewster, who is an executor and trustee of her husband's will, was personally served in Connecticut. The widow, the trust company in New York which is her coexecutor and cotrustee under the John H. Brewster will, and two of the children of John H. Brewster's nieces have entered general appearances. One of E. Franklin's trustees has appeared generally, but his two cotrustees have not appeared. Three children of John H. Brewster's nieces have appeared specially and have made the motion to erase for lack of jurisdiction which forms the subject matter of this appeal. They also filed a plea in abatement and to the jurisdiction which is not before us. The remaining two children and the executor of the deceased child have not appeared. No effort appears to have been made to have the unborn issue of one of the nieces represented.

The plaintiffs base their request for a declaratory judgment on the claim that William's interest in the estate of John H. Brewster is a vested re-

mainder, subject only to defeasance by invasion of the principal of the trust fund for the benefit of John H. Brewster's widow, with the result that William's estate may be subject to a substantial estate tax. They claim that, on the other hand, if William's interest should be determined not to be vested, or if it has been "divested" through invasion of principal, then his estate would not be subject to a substantial estate tax and the remainder would be distributed to the defendant children of John H. Brewster's nieces or their legal representatives. Consequently, the plaintiffs assert that the interests of the defendant beneficiaries under John H. Brewster's will are uncertain and adverse to the plaintiffs' interests so that there are actual bona fide and substantial questions and issues in dispute between the parties and substantial uncertainty of legal relations between them which require judicial determination.

The question whether the plaintiffs have stated a proper case for a declaratory judgment is not before us. That would present the next obstacle facing the plaintiffs in the event they were to prevail on the jurisdictional issue here presented. While a declaratory judgment action may be maintained, under proper circumstances, to determine rights which are "contingent upon the happening or not happening of some future event"; *Sigal* v. *Wise,* 114 Conn. 297, 302, 158 A. 891; nevertheless our courts have a wide discretion to leave parties to seek redress by some other form of procedure. Practice Book § 309 (c); *Herald Publishing Co.* v. *Bill,* 142 Conn. 53, 58, 111 A.2d 4; *Hill* v. *Wright,* 128 Conn. 12, 17, 20 A.2d 388. Whether factors such as the possibility of the exhaustion of the trust fund by invasion of principal; *Hartford National*

*Bank & Trust Co.* v. *Harvey,* 143 Conn. 233, 244, 121 A.2d 276; and the circumstance that procedure exists for obtaining a refund of an overpayment of federal estate taxes with interest; Int. Rev. Code of 1954, § 6511 (a), as amended, 72 Stat. 1663; § 6532 (a), as amended, 72 Stat. 1665; § 6611, as amended, 72 Stat. 1640, 1664; are sufficient to deprive the plaintiffs of the relief sought are questions which we do not consider.

The motion to erase admits all well-pleaded facts, invokes the existing record and must be decided upon the record alone. *Brown* v. *Cato,* 147 Conn. 418, 419, 162 A.2d 175; *Fairfield Lumber & Supply Co.* v. *Herman,* 139 Conn. 141, 144, 90 A.2d 884. The allegations of the complaint must be given the construction most favorable to the plaintiffs; *Brown* v. *Cato,* supra; and every presumption must be indulged which favors the jurisdiction of the court. *Fairfield Lumber & Supply Co.* v. *Herman,* supra; *Port Chester Electrical Construction Corporation* v. *Industrial Electrical Supply Co.,* 139 Conn. 16, 17, 89 A.2d 377.

The plaintiffs' assignments of error amount, essentially, to three propositions—first, that the court erred in granting the motion on the ground that the issues are indefinite, moot, abstract and prematurely raised; second, that the objecting defendants are not necessary parties upon whom personal service was required to be made, so long as they had reasonable notice of the action; and, third, that the allegations of the complaint and other matters of record disclose that the action is in rem or quasi in rem, thereby permitting substituted service.

The first of these objections fails for the reason that the court did not erase the action because the

issues were indefinite, moot, abstract and prematurely raised. The court concluded that the action was in personam, that the proponents of the motion were not personally served as the case required, and that, since a declaratory judgment action requires all parties to the controversy to be parties to the suit, the motion to erase had to be granted.

The plaintiffs' second objection is met by the allegations of their complaint, which must, for the purposes of this motion, be taken to be admitted. *Brown* v. *Cato,* supra. The plaintiffs alleged that if William's interest in the John H. Brewster estate is determined not to be a vested remainder, then the principal will, at the termination of the widow's life estate, be distributed to the children of John H. Brewster's nieces, among whom are the three proponents of this motion. Since, therefore, according to these allegations the interests of these three defendants would be affected by the decision of the main issue in the case, they are necessary parties to the action. Practice Book § 309 (d); *Brennan* v. *Russell,* 133 Conn. 442, 445, 52 A.2d 308; see also *Adams* v. *Greenwich Water Co.,* 138 Conn. 205, 217, 83 A.2d 177.

The third objection raised is that the cause of action stated is in rem or quasi in rem, thus permitting the substituted service which was made. General Statutes § 52-68. The plaintiffs concede that the jurisdiction of the court to render a judgment binding on the three defendants who have specially appeared must rest on the ground that this action is in rem or quasi in rem. It is admitted that the court has no in personam jurisdiction. The question then is whether, in this declaratory judgment action for the construction of the terms of a trust established by a Connecticut resident under a will

probated in this state, in which no property or interest therein has been attached or otherwise sequestered, the general appearances of the trustees who are administering the trust confer on the court jurisdiction to render, at the request of nonresident plaintiffs, a judgment binding on nonresident defendants who have not been personally served and who have not submitted to the jurisdiction. The record does not disclose whether the property comprising the trust fund is realty, tangible or intangible personalty or an admixture of all three. Nor do we know from the record whether the corpus of the trust, or any part of it, has its situs in Connecticut or elsewhere. The courts of the state where a testator was domiciled and where his will was probated ordinarily have the power to entertain suits by his fiduciary for the construction of the will; *Bartlett* v. *Sears,* 81 Conn. 34, 38, 70 A. 33; see also *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865; *Glasser* v. *Wessel,* 152 F.2d 428 (2d Cir.), cert. denied, 328 U.S. 839, 66 S. Ct. 1015, 90 L. Ed. 1615; but this power does not extend to the determination of questions of title to real property situated in another state. *Braman* v. *Babcock,* 98 Conn. 549, 559, 120 A. 150.

The foundation of jurisdiction is physical power. *McDonald* v. *Mabee,* 243 U.S. 90, 91, 37 S. Ct. 343, 61 L. Ed. 608. The law as to the effect of judgments founded on substituted service has stood unaltered since *Pennoyer* v. *Neff,* 95 U.S. 714, 24 L. Ed. 565. Its essence is that, lacking personal service within the jurisdiction, substituted service in an authorized form may be sufficient notice to nonresident parties of the objective of legal proceedings affecting their property if that property is first brought under the control of the court by seizure or some

equivalent act. The notice thus given confers on the court no larger jurisdiction than it has obtained by the control properly asserted against the nonresident's property in this state. *Overby* v. *Gordon,* 177 U.S. 214, 221, 20 S. Ct. 603, 44 L. Ed. 714; *Wehrhane* v. *Peyton,* 134 Conn. 486, 497, 58 A.2d 698; *Harris* v. *Weed,* 89 Conn. 214, 223, 93 A. 232. The mere fact that the trustees of this trust fund have entered general appearances in response to the service made on them did not bring under the court's control any interest of the objecting defendants in that fund. *Coyne* v. *Plume,* 90 Conn. 293, 301, 97 A. 337.

The plaintiffs correctly concede that John H. Brewster's will is not the res in this action. See *Henderson* v. *Usher,* 118 Fla. 688, 160 So. 9, and comment on that case in *Hanson* v. *Denckla,* 357 U.S. 235, 248, 78 S. Ct. 1228, 2 L. Ed. 2d 1283. Their objective is to ascertain their rights, as against certain nonresident defendants, in the trust fund, solely for the bearing which the court's construction may have on their administration of another estate which, so far as this record indicates, is of no concern to the courts of this state or to any of the persons attempted to be served as defendants. The court correctly held that the attempted service was ineffectual to confer jurisdiction.

In view of the fact that the three proponents of the motion to erase would be, as indicated above, necessary parties to the action in the event it were to be entertained, the court was correct in erasing the action as to all parties. Practice Book § 309 (d); *Brennan* v. *Russell,* supra.

There is no error.

In this opinion the other judges concurred.