[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
In this case the plaintiff in a two-count complaint seeks refund of the full amount of what is to be an alleged prepaid sum of money and joins a CUTPA claim citing the failure to refund, which is a violation of 42-110b of the Connecticut General Statutes. The defendant has moved to dismiss, pursuant to Practice Book 142, et seq., for the reason that the court lacks jurisdiction over the subject matter as the contract, which is the subject matter of the action, provided the jurisdiction should be in a court in Montgomery, Pennsylvania or the U.S. District Court for the Eastern District of Pennsylvania. Having said that, the defendant also cites reasons set forth in his legal memorandum and affidavit in his Motion to Dismiss. The reason set out in the affidavit provides no new theory. The memorandum signed by the defendant adds nothing more. The complaint states that the plaintiff is a Connecticut corporation and that the defendant is a Pennsylvania corporation. The defendant claims to have supplied computer hardware and software for a period of five years and that each transaction was accomplished by execution of a separate sales license and maintenance agreement, each of which had the same standard forum selection clause. That clause is set out as follows:
(g) Customer agrees that this Agreement is executed at CT Page 2400 Montgomery County, Pennsylvania; that any Court of record of Montgomery County, Pennsylvania or the United States District Court for the Eastern District of Pennsylvania shall have jurisdiction with respect to any proceedings arising under this Agreement; if the Customer is a nonresident of the Commonwealth of Pennsylvania, the Customer agrees to be subject to service of process in any proceedings arising under this Agreement in accordance with the Rules of Civil Procedure of the Commonwealth of Pennsylvania or the Federal Rules of Civil Procedure.
"`Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.'" LeConche v. Elligers, 215 Conn. 701,709, 579 A.2d 1 (1990), quoting Shea v. First Federal Savings Loan Assn. of New Haven, 184 Conn. 285, 288, 439 A.2d 997
(1981). This court has subject matter so long as "it has the competence to entertain the action before it." Demar v. Open Space Conservation Commission, 211 Conn. 416, 424, 559 A.2d 1103 (1989) (citations omitted). In determining whether a court has subject matter jurisdiction, "every presumption favoring jurisdiction should be indulged." Id. (citations omitted).
In its memorandum in support of its motion, the defendant argues that Pennsylvania has jurisdiction over the present case pursuant to the contract clause and cites law relevant to the issue of personal jurisdiction. In Emlee Equipment Leasing Corporation v. Waterbury Transmission, Inc., 41 Conn. Sup 575, 577-78,___ A.2d ___ (1991), the court stated that a forum selection clause in a contract does not indicate a court's subject matter jurisdiction and that the invocation of a forum selection clause as a challenge to jurisdiction "is really an argument that personal jurisdiction should not be exercised."
Personal jurisdiction may be obtained through consent or waiver. United States Trust Co. v. Bohart, 197 Conn. 34, 39,495 A.2d 1034 (1985); Bridgeport v. Debek, 201 Conn. 175, 180,554 A.2d 728 (1989).
"The motion to dismiss admits all well pleaded facts when the motion does not seek to introduce facts outside the record, `the complaint being construed most favorably to the plaintiff.'" Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983), quoting Brewster v. Brewster, 152 Conn. 228, 233, 206 A.2d 106 (1964).
"The source of a court's jurisdiction is `the constitutional and statutory provisions by which it is created.'" Demar v. Open Space Conservation Commission, supra, 425, quoting C.S.E.A., Inc. v. Connecticut Personnel Policy Board, 165 Conn. 448, 456, CT Page 2401334 A.2d 909 (1973). General Statutes 51-164s states in relevant part that the superior court of this state "shall be the sole court of original jurisdiction for all causes of action. . . ." General Statutes 51-164s. Specifically, this court has subject matter jurisdiction over claims arising out of contracts. McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 527, 590 A.2d 438 (1991). This court also has specific statutory subject matter jurisdiction over unfair trade practice claims brought under General Statutes42-110b, et seq. General Statutes 42-110g(a). Accordingly, the defendant's motion to dismiss cannot be granted on the ground that the court lacks subject matter jurisdiction.
As a general rule, "`parties to a contract may agree in advance to submit to the jurisdiction of a given court. . . .'" United States Trust Co. v. Bohart, 197 Conn. 34, 42, 495 A.2d 1034
(1985), quoting National Rental v. Szukhent, 374, U.S. 311, 315-16 (1964). Furthermore, where "the court selected [by the parties] is reasonably appropriate, and where there is no indication that `the parties had such greatly disproportionate bargaining power that the agreement could be regarded as unconscionable, the tendency is to give effect to such agreements.'" Fairfield Lease Corporation v. Romano's Auto Service, 4 Conn. App. 495, 498, 495 A.2d 286 (1985), quoting James Hazard, Civil Procedure (2d Ed. 1977) 12.21.
The face of the record does not indicate that the forum selection clause was included in the parties' contract as the result of unequal bargaining power.
However, even if valid, the clause does not affect this court's jurisdiction to hear the case at bar. The clause provides Pennsylvania with jurisdiction over proceedings arising from the contract between the parties. However, that language of the clause does not give Pennsylvania exclusive jurisdiction. The language of the clause is intended to apply to litigation initiated by the seller, a Pennsylvania corporation (the defendant in this action), rather than by the customer (the plaintiff in this action). The clause states in relevant part: "[I]f the Customer is a nonresident of the Commonwealth of Pennsylvania, the Customer agrees to be subject to service of process in any proceedings arising under this Agreement. . . ." (Defendant's Memorandum of Law in Support of Motion to Dismiss, p. 3 and Exhibits A through J, Defendant's Affidavit in Support of Motion to Dismiss). In the circumstance where a "particular controversy was almost surely not within the contemplation of the parties when they entered into the contract," the court should not defer to the forum identified in the contract clause. Restatement 2d, Conflict of Law 80 (1988 rev'd). The forum selection clause does not foreclose other courts from exercising jurisdiction.
Although the defendant appears to argue, not that Connecticut CT Page 2402 lacks personal jurisdiction over the defendant, but that jurisdiction rests solely in Pennsylvania, the face of the record does not reveal whether the defendant has consented to personal jurisdiction in Connecticut. However, the court determines that because the defendant fails to address this issue in its motion to dismiss, the defendant has waived its right to challenge personal jurisdiction on this ground. Claims not briefed should be considered abandoned, where lack of jurisdiction has been raised, and an opportunity given by the court to be heard on the issue.
For all these reasons, the motion to dismiss is denied.
FLYNN, JUDGE