[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This court has in personam jurisdiction over the plaintiff Shelia Butch. The plaintiff brings this action in two capacities. First, as mother and next friend of the minor plaintiff, Benjamin Butch. Second, in the second count, in her own right for recovery of medical bills incurred in the treatment and care of the minor.
The court need not decide whether, by bringing the action in her representative capacity she has submitted to in personam jurisdiction over her by the court. In bringing the action in her own right for medical bills she has submitted to personal jurisdiction. CT Page 303-A
The plaintiff claims that the proffered apportionment counterclaim, brought under the auspices of Public Act 95-111 must be asserted by service of writ, summons and complaint upon the plaintiff Shelia Butch. The court determines that this is unnecessary as Practice Book Sec. 168 provides that a counterclaim may be asserted by a person who is a plaintiff in the action. Hence the court finds that there is in personam jurisdiction to assert the claim by counterclaim without the necessity of further service of process.
The motion to dismiss raises the question of subject matter jurisdiction. When subject matter jurisdiction has been raised in any fashion it must be determined, without proceeding any further on any matters concerning the action.
There appears to be no specific authority dealing with the question of subject matter jurisdiction as concerns parent-child immunity. There can be no question that the court has jurisdiction to determine causes of action brought between private citizens seeking damages for personal injuries caused by negligence. There can be no question but that the court does have jurisdiction to determine a division of responsibility between parties. (Public Act 95-112, General Statutes 52-572h. CT Page 303-B
Public Act 95-111(c) provides that "No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h of the general statutes."
The plaintiff Shelia Butch is the mother of the minor child the plaintiff PPA Benjamin Butch. (Complaint, Count I, paragraph 1; Counterclaim, paragraph 5(a).) By judicial determination it has been determined: "That a parent is not liable civilly to his child for personal injury inflicted during his minority." Mesite v. Kirchenstein, 109 Conn. 77,82 (1929). This rule of law has been referred to as "The parental immunity doctrine . . ." Dubay v. Irish,207 Conn. 528, 523 (1988).
In the area of sovereign immunity it has been determined that the existence of sovereign immunity is a bar to the jurisdiction of the court. ". . . the doctrine of sovereign immunity is a sufficient bar to the jurisdiction of the court."Harah v. State, 171 Conn. 257, 262 (1976)Wiley v. Lloyd, 4 Conn. App. 447, 456 (1985)
The doctrine of sovereign immunity is, however, CT Page 303-C distinguishable from other more limited forms of immunity. Sovereign immunity pertains to actions against the State, the State of Connecticut. The doctrine is all encompassing, and has its roots in early common law, which recognized that the sovereign, King or Queen, had absolute immunity from any type of claim brought by a subject of the Crown. Hence courts had no power to determine any such claim unless brought with the consent of the sovereign. The doctrine persists to this day, although consent to sue has been granted by the legislature in limited circumstances.
It is noted that governmental immunity does not appear to have been dealt with in the same fashion by the courts in this state. Governmental immunity applies to the limited immunity of municipalities. This contrasts to the strict or blanket sovereign immunity of the State. Hence, the question of governmental immunity is dealt with by motions to strike and motions for summary judgment, rather than through pleas to the jurisdiction.
The doctrine referred to as parental immunity is a limited form of immunity. It applies only to actions for personal injuries to the minor caused by the parent. As the Supreme Court notes in Misite v. Kirchenstein, supra, p 85, minors can and may at common law prosecute actions against CT Page 303-D their parents to recover property rights.
It is unnecessary to explore herein all of the circumstances wherein a minor may sue a parent. Suffice it to state that the bar against the prosecuting of a cause of action for personal injuries by minor against parent is of judicial initiation, arising by judicial decree in 1929. It places limitations upon those circumstances whereby children can recover from the parents for losses incurred.
The parental immunity doctrine, even in circumstances pertaining to injuries caused by the negligence of the parent does have some exceptions. See Dzenutis v. Dzenutis,200 Conn. 290 (1986). Unlike the doctrine of sovereign immunity, the court determines that the doctrine of parental immunity is not so comprehensive and all inclusive as to implicate subject matter jurisdiction.
The court determines that this court does have subject matter jurisdiction over the counterclaim of the defendant for apportionment. Although it may appear clear that there is no cause of action by a child against a parent for personal injuries caused by the negligence of the parent, and/or that Public Act 95-111c precludes the prosecution of an apportionment complaint against the parent, yet that CT Page 303-E substantive issue is not before the court and cannot be determined by this motion. Procedures to address the issues are provided for by Practice Book 152 and/or Practice Book 378.
 "Every presumption must be indulged which favors the jurisdiction of the court."
 Brewster v. Brewster, 152 Conn. 228, 233 (1964)
The court does have jurisdiction over the counterclaim. The motion to dismiss is denied.
Sullivan, L., J.