[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs are Henry and Linda Retter (plaintiffs). They own and reside at property located at 3 Cove's Ende, New Fairfield, Connecticut. The defendant, Anne Russo (Russo), owns property located at 4 Candlewood Isle Causeway in New Fairfield and the defendant, First Black Ink, LLC (First Black), owns property at 6 Candlewood Isle Causeway in New Fairfield where it operates a commercial marina serving boaters on Lake Candlewood. The Russo and First Black properties abut one another, and both abut the plaintiffs' property. All three properties are located in a residential zone.
The plaintiffs filed a complaint dated May 18, 2000, with a return date of June 6, 2000. The complaint was served on the Russo and First Black on May 23, 2000. It contains three counts. All three counts essentially make the same factual allegations, but each asserts a different theory of liability. The first count claims the defendants violated the New Fairfield Zoning Regulations, the second count claims a trespass and the third count claims nuisance. The plaintiffs claim both monetary damages and injunctive relief.
In their complaint, the plaintiffs allege that Russo constructed a berm CT Page 13522 along the western side of Russo's property in violation of the New Fairfield zoning regulations. The plaintiffs claim that the berm has redirected the storm water that flows from the higher grades away from the Russo property and onto the plaintiffs' land. The plaintiffs' claim that the runoff now flows across their property and has caused flood damage to their home.
The plaintiffs also allege in their complaint that Russo has allowed First Black to use portions of the Russo property for parking and other commercial marina activities in violation of the New Fairfield zoning ordinance. The plaintiff's claim that Russo and First Black have, in addition, violated the zoning ordinance by adding or modifying the lighting used on their properties. These additions or modifications, the plaintiff's claim, are so oriented as to shine excess light on their property.
Further, the plaintiffs complain that the First Black has expanded its nonconforming marina use, in violation of the zoning ordinance, by increasing the number and area of boat slips, increasing marina food and beverage services and enlarging its building. The plaintiffs allege that these expansions have resulted in additional boat noise, music and patrons. The plaintiffs allege that all the marina patrons who approach the marina by water must pass by their property and as immediate neighbors to the marina, they are directly and adversely affected by First Black's alleged violations of the zoning ordinance.
Prior to bringing the instant action, the plaintiffs made complaints to the New Fairfield Zoning Commission regarding the alleged expansion of First Black's nonconforming use lighting, property and noise. The Commission investigated these allegations and found no violations. It does not appear that the plaintiffs appealed the Commission's decision to the Superior Court. The plaintiffs also, prior to this action, complained to the New Fairfield Zoning Board about the Russo berm. In response to this complaint, the Board, on September 21, 1999, ordered defendant Russo to cease and desist use of the berm. Russo appealed the cease and desist order to the New Fairfield Zoning Board of Appeals, and then to the Superior Court in Russo v. Town of New Fairfield ZBA, CV 00-0338697 S. Thereafter, on reconsideration, the Zoning Board of Appeals reversed itself by vacating the cease and desist order. Russo's appeal was then withdrawn as moot. It does not appear that the plaintiffs took any further administrative or legal action regarding the berm.
Russo and First Black have filed a Motion to Dismiss the first count of the complaint in this case. They have, in their supporting memoranda of law, claimed that the Superior Court lacks subject matter jurisdiction to decide the plaintiffs' claims due to the plaintiffs' alleged failure to CT Page 13523 exhaust their administrative remedies, and based on the common law doctrine of primary jurisdiction. The plaintiffs, on the other hand, oppose the Motion to Dismiss and claim, in their supporting memorandum of law, that they are exempt from the requirement that they exhaust administrative remedies and are not covered by the primary jurisdiction doctrine because in their complaint they have alleged specific and material damages.
It is a well settled principle of administrative law that where an adequate administrative remedy exists, it must be exhausted before the Superior Court will have jurisdiction to act. See, Simko v. Ervin,234 Conn. 498 (1995). The plaintiff in Simko, supra, failed to exhaust his administrative remedies in regard to his complaint concerning a variance obtained by the defendant. In Simko, supra, the Court said the "the specialized knowledge held by a zoning board of appeals with respect to the terms of a variance counsels against allowing the plaintiffs to bypass an appeal to that body." Simko, supra, 505. This general rule does not apply, however, when an aggrieved person is specifically and materially damaged by a violation of the zoning ordinances which occurred or is likely to occur on his land and the aggrieved person seeks injunctive relief. Cummings v. Tripp, 204 Conn. 67 (1987). When such specific, material damage claims are made and the aggrieved party is suffering or may continue to suffer irreparable damage, the aggrieved party may seek to enjoin the defendants' wrongdoing and the exhaustion of remedies requirement is obviated. Cummings v. Tripp, supra.
In deciding the Motion to Dismiss, the Court views the allegations in the complaint in the light most favorable to the plaintiff. See, Brewsterv. Brewster, 152 Conn. 228 (1964). In viewing the complaint in such light, the Court finds that the damages alleged by the plaintiffs are specific and material to the claimed violation of the New Fairfield Zoning Regulations. The alleged damages include flooding to the plaintiffs' property caused by the Russo berm; the inconvenience, annoyance and disturbance suffered by the plaintiffs due to the expanded use of boat slips, excess lights and noise on the First Black property; and the disturbance to the plaintiffs on account of the excess vehicular and pedestrian traffic on the Russo and First Black properties. The plaintiffs seek monetary damages as well as injunctive relief on account of the specific and material damages they claim to have suffered due to Russo and First Black's alleged violations of the zoning ordinance and tortious actions. The alleged zoning violations and the tort claims are factually intertwined. Under the circumstances of this case, the request for injunctive relief should be decided along with the claim for monetary damages in one forum at one time. Since administrative agencies have no authority to grant monetary relief and the zoning and tort claims are related, it makes sense to decide all claims at once in the Superior CT Page 13524 Court.
Under the circumstances of this case, it is unnecessary for the plaintiffs to exhaust their administrative remedies, assuming that they have not already done so. This is the type of case which fits the exception discussed in Cummings v. Tripp, supra, and hence, the Court has subject matter jurisdiction. The Motion to Dismiss is therefore denied.
White, J.