[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
The defendants, the City of New Haven and its building official, Clarence E. Phillips, have moved to dismiss the plaintiff's complaint on the ground that this court lacks jurisdiction because the plaintiff failed to file a statutory appeal pursuant to Conn. Gen. Stat. § 29-405
to the Superior Court within ten days of the official's decision on which the claims are based. At oral argument and in a post-argument brief, the defendants have limited their motion to dismiss to the claims made in the first, third, fifth and seventh counts of the amended complaint dated August 12, 1998.
At the hearing, the parties agreed that documents appended to their briefs should be admitted as evidence on the factual issues raised concerning jurisdiction. In response to the court's questions at oral argument, counsel requested time to file supplemental briefs, which they duly filed.
Background
In the first count of her complaint the plaintiff, Gloria Palmieri, alleges that the structure on property she owned at 483 East Street in New Haven was damaged by fire on February 13, 1996; and that a building official of the City of New Haven issued a written notice on July 12, 1997, stating that the building was unsafe and that the City would demolish it if she failed to repair or demolish it within thirty days. The plaintiff further alleges that on an unspecified date she notified defendant Clarence Phillips, the building official who had signed the demolition notice, that she intended to repair the building. On August 13, 1997, her attorney, Frank Raio, wrote to Phillips stating that he was representing Palmieri in a lawsuit concerning the damage to her property and asking that Phillips "forbear from any action under these circumstances." In this letter, Attorney Raio stated, "If any further information is requested, please contact the undersigned immediately, as otherwise I will assume that you will not pursue the actions listed in your letter of July 22, 1997." Though the plaintiff alleges in her complaint that her agents "did confirm by writing the agreement entered into with the Defendant, Phillips, that he would forbear from the CT Page 2955 demolition of the Plaintiff, Palmieri's, home," no such letter was presented at the evidentiary hearing on the motion to dismiss. The letter from Attorney Raio dated August 13, 1997, contains no statement that any agreement had been reached concerning the demolition order, and the plaintiff offered no evidence of any actual agreement to Attorney Raio's "assumption." The plaintiff alleges that the City demolished the fife-damaged building on her property on December 3, 1997.
In the first count, the plaintiff alleges that the defendants violated "Connecticut General Statutes Sections 120.1, et. seq., the basic building code of the State of Connecticut." She also alleges that the demolition notice contained false information, incorrectly cited authority, and "failed to provide a provision for objection or appeal." Palmieri also alleges in this count that the defendants negligently ignored her written objection and their alleged agreement to forbear from demolishing the structure.
In the third count, the plaintiff claims that the City violated her right to due process of law under the state and federal constitutions by demolishing the structure on her property.
In the fifth count, the plaintiff claims that the City committed an intentional tort in violation of the due process clauses of the state and federal constitutions when it demolished her property.
In the seventh count, the plaintiff claims that the City issued a tax assessment on the property for 1997-98 and 1998-99 that did not fairly represent the value of the property after demolition of the structure.
Grounds asserted
The defendants assert that this court lacks subject matter jurisdiction over the claims made in the four counts summarized above. In the brief in support of their motion to dismiss, the defendants assert that the court lacks jurisdiction over the first, third and fifth counts because the plaintiff failed to avail herself of a statutory remedy available to her, namely, to appeal to the Superior Court from the finding that the structure was unsafe and should be demolished. Section § 29-405
provides: "Any person aggrieved by any order or decision of a building official may, within ten days of such order or decision, appeal therefrom to the superior court for the judicial district wherein such person resides, and such appeal shall be a privileged matter to be heard by the court as soon after the return day as is practicable."
The defendants assert that the court lacks subject matter jurisdiction over the seventh count because the plaintiff failed to avail herself of CT Page 2956 that statutory remedy applicable to tax assessments, Conn. Gen. Stats. §§ 12-117a and 12-119.
The plaintiff takes the position that the first, third and fifth counts may not be dismissed because the defendants are estopped from invoking the claim of failure to exhaust administrative remedies due to the alleged agreement by Phillips not to proceed with demolition.
With regard to the seventh count, the defendants assert that a tax assessment may not be pursued by a direct cause of action but only by pursuit of a statutory appeal pursuant to Conn. Gen. Stat. §§ 12-117a
and 12-119. Connecticut law provides for an administrative appeal of a tax assessment to the city's board of assessment appeals. Conn. Gen. Stat. § 12-111. Conn. Gen. Stat. § 12-117a provides in pertinent part that "[a]ny person . . . claiming to be aggrieved by the action of the board of tax review or the board of assessment appeals, as the case may be, in any town or city may, within two months from the date of the mailing of such action, make application in the nature of an appeal therefrom . . . to the superior court." The plaintiff alleges at paragraph 58 of her amended complaint that she appealed to the New Haven Board of Assessment Appeals concerning the 1997-98 assessment and that her appeal was denied. She does not allege that she filed an appeal from that denial to the Superior Court. With regard to the 1998-99 assessment, she does not allege that she either appealed to the board of assessment appeals or to the Superior Court.
Standard of review
Practice Book § 10-31 provides in pertinent part that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter." A motion to dismiss serves a different function from a motion to strike, which is the motion to be used to "contest . . . the legal sufficiency of the allegations of [the] complaint." Practice Book § 10-39. A court deciding a motion to dismiss must determine not the merits of the claim or even its legal sufficiency, but rather whether the claim is one that the court has jurisdiction to hear and decide. The Connecticut Supreme Court has ruled that in deciding a motion to dismiss, the court must construe the allegations of the complaint in favor of the pleader. Ganim v. Smith Wesson Corp., 258 Conn. 313, 326
(2001); Cummings v. Tripp, 204 Conn. 67, 75 (1987); Brewster v.Brewster, 152 Conn. 228, 233 (1964).
Claim of lack of jurisdiction
"Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and CT Page 2957 statutory provisions by which it is created." Lo Sacco v. Young,210 Conn. 503, 508 (1989); Andrew Ansaldi Co. v. Planning ZoningCommission, 207 Conn. 67, 73 (1988) (Shea, J, concurring); CSEA, Inc. v.Connecticut Personnel Policy Board, 165 Conn. 448, 456 (1973). "A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." Monroe v. Monroe, 177 Conn. 172, 185, appeal dismissed, 414 U.S. 801, 100 S.Ct. 20, 62 L.Ed.2d 14 (1979).
In circumstances in which a statute provides for an appeal to the Superior Court, the Connecticut Supreme Court has ruled that a claimant must adhere to the requirement to file an immediate statutory appeal, and may not instead bring common law or constitutional challenges concerning the official action at issue. LaCroix v. Board of Education, 199 Conn. 70,79 (1986); Cahill v. Board of Education, 187 Conn. 94 (1982). The Supreme Court ruled that "we have long adhered to the rule that, where a statutory right of appeal from an administrative decision exists, an aggrieved party may not bypass the statutory procedure and instead bring an independent action `to test the very issue which the appeal was designed to test.'" LaCroix v. Board of Education, supra, 199 Conn. 78, quoting Carpenter v. Planning Zoning Commission, 176 Conn. 581, 598
(1979); Laurel Park, Inc. v. Pac, 194 Conn. 677, 685 (1984). The Court noted in LaCroix the existence of what it termed "narrow exceptions" to this rule requiring compliance with a statutory appeal provision. InJohnson v. Statewide Grievance Committee, 248 Conn. 87, 103 (1999), the Supreme Court noted that it has "grudgingly carved several exceptions from the exhaustion doctrine. . . . We have recognized such exceptions, however, only infrequently and only for narrowly defined purposes." Exhaustion of a statutory or administrative remedy may be excused for the following reasons: "if recourse to the remedy would be futile or inadequate; Id.; Greenwich v. Liquor Control Commission, 191 Conn. 528,541-42 (1983); the procedures followed by the forum that provides the statutory remedy are constitutionally infirm; Johnson v. StatewideGrievance Committee, supra, 248 Conn. 103; LaCroix v. Board ofEducation, supra, 199 Conn. 79; or injunctive relief from the decision of the statutory forum is necessary to prevent immediate and irreparable harm. Pet v. Department of Health Services, 207 Conn. 346, 360 (1988)."Johnson v. Statewide Grievance Committee, supra, 248 Conn. 103.
The plaintiff does not claim that any judicially recognized exceptions are presented in this case; rather, she asserts that the court has jurisdiction because the building official allegedly agreed not to carry out his order after issuing it.
In LaCroix v. Board of Education, supra, 199 Conn. 70, the plaintiff was a teacher who had been been terminated from his tenured position at a public school. The Teacher Tenure Act, at Conn. Gen. Stat. § 10-151
CT Page 2958 (f), provided that after a termination hearing, a teacher aggrieved by the action of a board of education could appeal to the Superior Court. That provision, which is now codified as § 10-151 (e), pursuant toPublic Act 95-58, provides that an appeal to the Superior Court must be filed within thirty days of the decision of the board of education after the hearing. After the first termination decision, the teacher filed an action and the board of education held a new hearing. Instead of filing a statutory appeal within thirty days of the termination decision that followed the second hearing, the teacher again filed a claim of denial of due process of law, commencing suit long after the thirty-day period for a statutory appeal had expired. The court found that the second action should have been dismissed because the teacher had failed to appeal in accordance with the statutory appeal provisions of § 10-151 (f).LaCroix v. Board of Education, supra, 199 Conn. 86. The court ruled that "[i]n the absence of a colorable claim of a constitutional violation, the plaintiff has failed to establish a persuasive basis for permitting him to pursue a direct judicial remedy rather than an administrative appeal." Id. The court noted that even if the constitutional claim had been colorable, "direct judicial adjudication even of constitutional claims is not warranted when the relief sought by a litigant "might conceivably have been obtained through an alternative [statutory] procedure which [the litigant] has chosen to ignore." La Croix v. Board of Education,199 Conn. 87, quoting Sullivan v. State, 189 Conn. 550, 559 (1983).
The Supreme Court reiterated in Polymer Resources, Ltd. v. Keeney,227 Conn. 545, 563 (1993), that "[s]imply bringing a constitutional challenge to an agency's actions will not necessarily excuse a failure to follow an available statutory appeal process," and stated "[w]e continue to limit any judicial bypass of even colorable constitutional claims to instances of demonstrable futility in pursuing an available administrative remedy. Id., quoting Pet v. Department of HealthServices, supra, 207 Conn. 356.
First Count
As has been described above, the plaintiff alleges in this count that the defendants violated the state building code, a claim subject to the requirements of Conn. Gen. Stat. § 29-405. The plaintiff does not assert that the present action is an appeal of the sort described in § 29-405, and the court record establishes that it was filed in 1998, not within ten days either of the issuance of the July 12, 1997 order, the deadline imposed by § 29-405. The plaintiff's claims of violation of the state building code and her other claims concerning the order could have been decided in a statutory appeal from the building official's order. CT Page 2959
Failure to file such an appeal requires dismissal of this claim. See LaCroix v. Board of Education, supra, 199 Conn. 86-87.
The second claim made in the first count of the complaint is a claim of negligence in demolishing the building after allegedly agreeing not to do so. (Amended Complaint, para. 22.) Neither the factual nor the legal validity of such a claim is at issue in the context of this motion to dismiss; rather, the issue is jurisdiction. The movants do not assert that this court lacks jurisdiction over claims of negligence or breach of contract, nor that such claims are subject to a statutory remedy. There is no basis for finding lack of jurisdiction as to these claims, which are pleaded in a sketchy and conclusory manner in paragraph 22; however, the court will not construe them to include any claim subject to the statutory appeal requirement.
Third and Fifth Counts
In these counts, the plaintiff alleges that the notice issued by the defendants and their decision to demolish her premises violated her right to due process of law and deprived her of her property without due process of law. Like the first claim in the first count, discussed above, these claims challenge the decision of the city's building official. As the Supreme Court stated in Polymer Resources, Ltd. v. Keeney, supra, andLaCroix v. Board of Education, supra, a party with a statutory right of appeal may not bypass that statutory scheme even to bring a constitutional claim. The narrow exceptions to the duty to follow the statutory appeal process that were identified in Polymer Resources, Ltd. and LaCroix are not claimed to exist in this case. There is no basis, moreover, for doubting that constitutional grounds raised in a statutory appeal would have been adjudicated by the Superior Court in the course of deciding that appeal, had it been brought. The plaintiff has failed to exhaust her statutory remedy with regard to the claims made in these two counts.
Seventh Count
The plaintiff has not briefed any objection to the movants' point that claims based on appraisals of property must be pursued by the administrative and statutory procedures identified in Conn. Gen. Stat. § 12-111 and 12-117a. It is well settled that exhaustion of the statutory appeal procedure is the only method for challenging tax assessments. Danbury v. Dana Investment Corp., 249 Conn. 1, 15 (1999);Owner-Operators Independent Drivers Assn. of America v. State,209 Conn. 679, 692 (1989). The motion to dismiss this count is therefore granted.
Effect of Claimed Promise of Delay
CT Page 2960
The plaintiff asserts that the court has jurisdiction over her claims, even though she failed to comply with the provisions of the statutory appeal specified by Conn. Gen. Stat. § 29-405 because, she alleges, defendant Phillips agreed not to demolish her building. The plaintiff does not allege that this purported agreement was made in a time frame that had any effect on the plaintiff's failure to file a statutory appeal within ten days of the building official's order. She alleges in an affidavit that the statement was made not to her but to her attorney. Her attorney's letter of August 13, 1997, makes no mention of any agreement having been reached, and the ten-day period for filing a statutory appeal had expired by that date.
The plaintiff claims that the doctrine of estoppel bars the defendants from raising the failure to exhaust her statutory appeal remedy as to the claims made in the first, third and fifth counts. The plaintiff does not claim that estoppel applies to the seventh count.
The plaintiff's claim of estoppel is insufficient to bar the invocation of the duty to pursue a timely statutory appeal. For the doctrine of estoppel to apply, "the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." Connecticut National Bank v. Voog, 233 Conn. 352, 366
(1995); Zoning Commission v. Lescynski, 188 Conn. 724, 731 (1982); Bozziv. Bozzi, 177 Conn. 232, 242 (1979); Dupuis v. Submarine Base CreditUnion, Inc., 170 Conn. 344, 353 (1976).
The plaintiff does not allege that her failure to file a statutory appeal from the building official's order within ten days of its issuance was induced by any representation by the defendant or its agents. The plaintiff does not, moreover, claim that the defendant ever agreed not to raise the jurisdictional issue, as was the situation in Williams v.Commission on Human Rights Opportunities, 257 Conn. 258 (2001).
Conclusion
The claims set forth in the first, third, fifth and seventh counts of the amended complaint that constitute statements of aggrievement from the decision and actions of a building official are subject to statutory remedies. The plaintiff failed to pursue these claims in a statutory appeal provided by Conn. Gen. Stat. § 29-405. The challenge to the tax assessment raised in the seventh count are also subject to statutory remedies that the plaintiff has not exhausted. These claims are therefore dismissed for lack of subject matter jurisdiction. CT Page 2961
The portion of the first count that alleges, in paragraph 22 only, negligence in "ignor[ing] their agreement to forbear the demolition" is not subject to statutory remedies. The motion to dismiss that claim for lack of subject matter jurisdiction is denied.
Beverly J. Hodgson Judge of the Superior Court