[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS TO DISMISS OF DEFENDANTS CITY OF NEW HAVEN, CLARENCE E. PHILLIPS AND FRANK ALVARADO
CT Page 3412
Defendants Clarence E. Phillips, the City of New Haven and Frank Alvarado have moved to dismiss Counts One, Four and Six of the plaintiff's complaint against them on the ground that this court lacks jurisdiction because the plaintiffs failed to file a statutory appeal pursuant to Conn. Gen. Stat. § 29-405 to the Superior Court within ten days of the official decisions on which those claims are based. At oral argument and in a post-argument brief, the defendants have limited their motion to dismiss to the claims made in the first, fourth and sixth counts of the plaintiffs' complaint, which is dated June 25, 1998.
At the hearing, the parties agreed that documents appended to their briefs should be admitted as evidence on the factual issues raised concerning jurisdiction. In response to the court's questions at oral argument, counsel requested time to file supplemental briefs, which they duly filed. The court does not rely on the unsigned affidavit appended to the supplemental brief filed on behalf of defendant Frank Alvarado. The court did not invite further evidentiary submissions, and the plaintiff had no opportunity to object to this document.
Background
In the first count of the operative complaint, the plaintiffs, Vincent Tracey and Daphne Tracey, allege that in "mid-1996" a house that they owned at 38-40 Baldwin Street in New Haven was damaged as a result of a police search of the premises, and that as a result of damage, the premises were uninhabitable. The plaintiffs allege that while they were pursuing restitution for the alleged damage from defendant Frank Alvarado, a city official, the City, through its building official, defendant Phillips, issued them a notice stating that the property was unsafe and would be demolished by the City within thirty days if the owners failed to repair or demolish it. The notice, which was titled "UNSAFE NOTICE AND ORDER TO DEMOLISH" was dated November 2, 1996.
The text of the order states that "[y]ou have a right to appeal this order under the Basic Building Code of the State of Connecticut. The appeal must be made in writing with a statement of the reasons you feel this order is unnecessary, improper or unreasonable." The plaintiffs allege that "on or about December of 1996," they wrote to the City and Phillips protesting that the condition of the property had been caused by police actions and that they were attempting to get the City to pay for the alleged damage. The plaintiffs do not allege that they filed a statutory appeal to the Superior Court within ten days of the demolition notice; rather, they commenced this action by serving legal process on the City and Phillips nineteen months later, on July 10, 1998. CT Page 3413
The claims the plaintiffs make in the challenged complaint are as follows:
Count One. The plaintiffs assert that after demolishing the structure on their property, the defendants allowed other defendants to use the property as a location for dumpsters and other equipment used in developing adjacent property. The plaintiff's claim trespass and an illegal denial to the plaintiffs of the right to use their own property.
Count Four. The plaintiffs assert that the City and Phillips deprived them of due process of law by demolishing their property and by failing to provide them with a sufficiently detailed description of the repairs needed, the statutory authority under which they were proceeding, and the method for challenging the order.
Count Six. The plaintiff's claim that the demolition of the structure and the use of the land as a staging area for construction on other property violated due process rights secured to the plaintiffs by Article First, Sections 10 and 11 of the Constitution of the State of Connecticut.
Grounds asserted for dismissal
The movants assert that this court lacks subject matter jurisdiction over the claims made in the three counts summarized above because the plaintiffs failed to avail themselves of a statutory remedy available to them, namely, to appeal to the Superior Court from the finding that the structure was unsafe and should be demolished. Section 29-405 provides: "Any person aggrieved by any order or decision of a building official may, within ten days of such order or decision, appeal therefrom to the superior court for the judicial district wherein such person resides, and such appeal shall be a privileged matter to be heard by the court as soon after the return day as is practicable."
The notice to which the defendants refer is titled "UNSAFE NOTICE AND ORDER TO DEMOLISH." It stated the owner must inform the building official whether he accepted or rejected the City's finding that the structure on his property was unsafe. It stated "In the event you reject this Unsafe Notice and Order to Demolish, you will immediately be required to restore the structure in accordance with the provisions of Section 120.4 of the Basic Code." It further stated that if the owner failed to accept or reject the finding within thirty days of service of it, the City would demolish the building at the expiration of that period and seek compensation for demolition costs.
Standard of review
CT Page 3414
Practice Book § 10-31 provides in pertinent part that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter." A motion to dismiss serves a different function from a motion to strike, which is the motion to be used to "contest the legal sufficiency of the allegations of [the] complaint." Practice Book §10-39. A court deciding a motion to dismiss must determine not the merits of the claim or even its legal sufficiency, but rather whether the claim is one that the court has jurisdiction to hear and decide. The Connecticut Supreme Court has ruled that in deciding a motion to dismiss, the court must construe the allegations of the complaint in favor of the pleader. Ganim v. Smith Wesson Corp., 258 Conn. 313, 236
(2001); Cummings v. Tripp, 204 Conn. 67, 75 (1987); Brewster v.Brewster, 152 Conn. 228, 233 (1964).
Claim of lack of jurisdiction
"Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." Lo Sacco v. Young,210 Conn. 503, 508 (1989); Andrew Ansaldi Co. v. Planning ZoningCommission, 207 Conn. 67, 73 (1988) (Shea, J, concurring); CSEA, Inc. v.Connecticut Personnel Policy Board, 165 Conn. 448, 456 (1973). "A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." Monroe v. Monroe, 177 Conn. 172, 185, appeal dismissed, 414 U.S. 801, 100 S.Ct. 20, 62 L.Ed.2d 14 (1979).
The defendants assert that the listed claims should be dismissed because the plaintiffs failed to file an appeal to the Superior Court within ten days of the demolition order, as required by Conn. Gen. Stat. § 29-405.
In circumstances in which a statute provides for an appeal to the Superior Court, the Connecticut Supreme Court has ruled that a claimant must adhere to the requirement to file an immediate statutory appeal, and may not instead bring common law or constitutional challenges concerning the official action at issue. LaCroix v. Board of Education, 199 Conn. 70,79 (1986); Cahill v. Board of Education, 187 Conn. 94 (1982). The Supreme Court has ruled that "we have long adhered to the rule that, where a statutory right of appeal from an administrative decision exists, an aggrieved party may not bypass the statutory procedure and instead bring an independent action `to test the very issue which the appeal was designed to test.'" LaCroix v. Board of Education, supra, 199 Conn. 78, quoting Carpenter v. Planning Zoning Commission, 176 Conn. 581, 598
(1979); Laurel Park, Inc. v. Pac, 194 Conn. 677, 685 (1984). The Court noted in LaCroix the existence of what it termed "narrow exceptions" to CT Page 3415 this rule requiring compliance with a statutory appeal provision. InJohnson v. Statewide Grievance Committee, 248 Conn. 87, 103 (1999), the Supreme Court noted that it has "grudgingly carved several exceptions rom the exhaustion doctrine. . . . We have recognized such exceptions, however, only infrequently and only for narrowly defined purposes." Exhaustion of a statutory or administrative remedy may be excused for the following reasons: if "recourse to the remedy would be futile or inadequate; Id.; Greenwich v. Liquor Control Commission, 191 Conn. 528,541-42 (1983); [if] the procedures followed by the forum that provides the statutory remedy are constitutionally infirm; LaCroix v. Board ofEducation, supra, 199 Conn. 79; or [if] injunctive relief from the decision of the statutory forum is necessary to prevent immediate and irreparable harm. Pet v. Department of Health Services, 207 Conn. 346,360 (1988)." Johnson v. Statewide Grievance Committee, supra,248 Conn. 103.
The plaintiff does not claim that any of these judicially recognized exceptions are presented in this case.
In LaCroix v. Board of Education, supra, 199 Conn. 70, the plaintiff was a teacher who had been been terminated from his tenured position at a public school. The Teacher Tenure Act, at Conn. Gen. Stat. § 10-151
(f), provided that after a termination hearing, a teacher aggrieved by the action of a board of education could appeal to the Superior Court. That provision, which is now codified as § 10-151 (e) pursuant toPublic Act 95-58, provides that an appeal to the Superior Court must be filed within thirty days of the decision of the board of education after the hearing. After the first termination decision, the teacher filed an action and the board of education held a new hearing. Instead of filing a statutory appeal within thirty days of the termination decision that followed the second hearing, the teacher again filed a claim of denial of due process of law, commencing suit long after the thirty-day period for a statutory appeal had expired. The court found that the second action should have been dismissed because the teacher had failed to appeal in accordance with the statutory appeal provisions of § 10-151 (f).LaCroix v. Board of Education, supra, 199 Conn. 86. The court ruled that "[i]n the absence of a colorable claim of a constitutional violation, the plaintiff has failed to establish a persuasive basis for permitting him to pursue a direct judicial remedy rather than an administrative appeal." Id. The court noted that even if the constitutional claim had been colorable, "direct judicial adjudication even of constitutional claims is not warranted when the relief sought by a litigant "might conceivably have been obtained through an alternative [statutory] procedure which [the litigant] has chosen to ignore." La Croix v. Board of Education,199 Conn. 87, quoting Sullivan v. State, 189 Conn. 550 559 (1983). CT Page 3416
The Supreme Court reiterated in Polymer Resources, Ltd. v. Keeney,227 Conn. 545, 563 (1993) that "[s]imply bringing a constitutional challenge to an agency's actions will not necessarily excuse a failure to follow an available statutory appeal process," and stated "we continue to limit any judicial bypass of even colorable constitutional claims to instances of demonstrable futility in pursuing an available administrative remedy. Id., quoting Pet v. Department of HealthServices, supra, 207 Conn. 356.
Does the asserted ground for dismissal apply to the challenged claims?
First Count
In this count, the plaintiffs combine several claims and seek injunctive relief. After a recitation of a sequence of events, they allege:
1. the demolition constitutes "misconduct" (para. 28);
 2. the failure to make restitution for damage allegedly caused by the police constitutes "misconduct" (para. 28);
 3. the defendants have barred the plaintiffs' access to the property (paras. 23, 24, 29);
 4. the defendants have allowed others to use the property (para. 29).
The remedy that the plaintiffs seek in this count is injunctive relief "precluding (the defendants) from conducting any further construction activity on or about he Plaintiffs' property and to immediately remove the fence and gate to enable access to the Plaintiffs." (Para. 31).
Of this collection of claims, only the claim that the demolition constituted misconduct is a matter within the statutory requirement to file a statutory appeal. Only that claim is dismissed.
Fourth Count
In this count, the plaintiffs allege that the demolition was unconstitutional and that the notice failed to provide them with sufficient information. The plaintiffs also allege that they "reasonably relied upon their discussions with the Defendants, `Phillips' and `Alvarado' and the Defendant `City,' as well as their written protest of the intention of the order to demolish their property, that their CT Page 3417 property would not be wrongfully demolished or taken." (Para. 51.) At the hearing on the motion to dismiss, they presented no evidence that they had filed a statutory appeal of the demolition order, and they provided no evidence that any of the movants had done or said anything within the statutory period for filing an appeal that led them to believe that it was not necessary to file such an appeal.
Nevertheless, the plaintiff's claim that the doctrine of estoppel bars the defendants from raising the failure to exhaust the statutory appeal remedy.
The plaintiff's claim of estoppel is insufficient to bar the invocation of the duty to pursue a timely statutory appeal. For the doctrine of estoppel to apply, "the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." Zoning Commission v. Lescynski, 188 Conn. 724, 731 (1982);Bozzi v. Bozzi, 177 Conn. 232, 242 (1979); Dupuis v. Submarine BaseCredit Union, Inc., 170 Conn. 344, 353 (1976).
The plaintiffs do not allege that their failure to file a statutory appeal from the building official's order within ten days of its issuance was induced by any representation by the defendant City or its agents at any time before the time for filing the statutory appeal had passed. They do not claim that the defendants ever rescinded the demolition order; at most, they allege a unilateral expectation that the demolition would be delayed. The plaintiffs do not, moreover, claim that the defendant ever agreed not to raise the jurisdictional issue, as was the situation inWilliams v. Commission on Human Rights Opportunities, 257 Conn. 258
(2001).
The court finds that it lacks subject matter jurisdiction over this count, as the plaintiffs have failed to file a statutory appeal within the time set in Conn. Gen. Stat. § 29-405.
Sixth Count
In this count, the plaintiffs allege that the demolition violated the due process provisions of the Connecticut Constitution. They also allege that the defendants allowed others to trespass on their property and impeded the plaintiffs' access. The former claim is subject to the requirement of a timely statutory appeal pursuant to Conn. Gen. Stat. § 29-405. The remaining allegations of this count relate to conduct and claims outside the scope of that statute. CT Page 3418
Conclusion
The claims set forth in the first and sixth counts of the complaint alleging the impropriety of the demolition are dismissed for lack of subject matter jurisdiction, as are the claims raised in the fourth count. These claims are subject to the requirement of a statutory appeal pursuant to Conn. Gen. Stat. § 29-405, and the record establishes that the plaintiffs failed to file a timely statutory appeal.
The remaining claims made in the first and sixth counts are not claims subject to § 29-405, and the motion to dismiss them is denied.
Beverly J. Hodgson Judge of the Superior Court